## W. CHAMBERS v. W. M. CHAPMAN.

1—The statute, (Paschal's Digest, Art. 1431,) is very explicit in requiring all writs and process to have the seal of the court affixed, to give them validity.

2—Citations not under seal are void, and the defendant may appear and have them quashed on motion; or, if judgment has been rendered by default, on such void process, he may have it reversed on writ of error. The case of Frosh v. Schlumpf, 2 Texas R., 422, to the same effect, cited and approved.

ERROR from Chambers.     Tried below before the Hon. Samuel A. Willson.

The only fact of any significance is stated in the opinion.

*W. Chambers* and *H. C. Hicks*, for plaintiff in error.

*Pickett & Rock*, for defendant in error.

LINDSAY, J.—In the case of Frosh v. Schlumpf, 2 Texas R., p. 422, it was decided by this court that the process, or citation, calling upon a party to answer to a suit, when not under seal, is void, and the party defendant may appear and take advantage of it by motion to quash; or, upon a writ of error, he may obtain a reversal of a judgment rendered by default.     The statute (Art. 1431, Paschal's Digest,) is certainly very explicit in requiring all writs and process to have the seal of the court affixed to give them validity.     The citation in this case was without the seal of the court, and for that reason the judgment is reversed and the cause remanded for further proceedings in conformity with law.

Reversed and remanded.