GEORGE KELLUM V. THE STATE.

*No. 310.    Decided January 27.*

Murder—Service of List of Veniremen—Statute Mandatory—Practice.— Article 617, Code of Criminal Procedure, which provides that "no defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special venire facias, except where he waives the right or is on bail," is mandatory, and a conviction will not be permitted to stand where its provisions have not been complied with.

APPEAL from the District Court of McLennan. Tried below before Hon. L. W. GOODRICH.

The indictment charged the appellant with the murder of one E. Kaufman, by shooting him with a pistol; and this appeal is from a judgment of conviction in which he was found guilty of murder of the first degree, the penalty being affixed at death.

In view of the disposition of the case on appeal, a statement of the evidence is neither necessary nor called for.

*Rice & Bartlett* and *J. W. Taylor*, for appellant.—The court erred in overruling defendant's motion to quash the special venire, because he did not have one day's service of the names of the persons actually summoned by the sheriff on said special venire. 3 Blacks. Comm., *p. 351; 3 Am. and Eng. Encyc. of Law, 334; 1 Thomp. on Trials, secs. 17, 18, 171; Forsyth on Trial by Jury, chap. 8; Proffatt on Jury Trials, sec. 131; Code Crim. Proc., art. 617; Speer v. The State, 2 Texas Crim. App., 246; Bates v. The State, 19 Texas, 122; Osborne v. The State, 23 Texas Crim. App., 444; Robles v. The State, 5 Texas Crim. App., 355; Thurston v. The State, 18 Texas Crim. App., 26; Thompson v. The State, 19 Texas Crim. App., 611.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for murder in the first degree, and the punishment was fixed at death. When the cause was called for trial, appellant moved a quashal of the venire facias, because the copy served upon him omitted the names of seven veniremen summoned by the sheriff, as shown by his return upon the original writ. The defendant was in jail, and did not waive his right to have a complete list of said venire, as summoned, served upon him. The statute provides that "no defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special venire facias, except where he waives the right, or is on bail." Code Crim. Proc., art. 617. The right of having service of the list of summoned veniremen is guaranteed by our laws, and is a valuable one, of which the accused can not be deprived when in jail, except by his consent. While these veniremen may not attend, yet he is entitled to service of a complete list as summoned by the sheriff, unless he waives that right, or is on bail. The terms of the statute are mandatory, and enacted to the end that the accused may have the opportunity of better exercising his right of challenge and selecting of the jurors who are to pass upon his case. If one of these veniremen can be omitted without the consent of the accused, then it would follow that each and every one of them can with equal propriety be so omitted. The motion should have been sustained. Code Crim. Proc., art. 617; Harrison v. The State, 3 Texas Crim. App., 558; Murray v. The State, 21 Texas Crim. App., 466; Osborne v. The State, 23 Texas Crim. App., 431.

The jurisdictional question suggested will not arise upon another trial, wherefore a discussion of it here is pretermitted. The remaining questions relied upon for reversal we do not think well taken. For the error above pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.