### CHARLEY JONES V. THE STATE.

*No. 1042.  Decided November 28.*

1.  **Special Venire—Service upon Defendant—Statutory Law.**—Article 617 of the Code of Criminal Procedure provides, that "no defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special venire facias, except where he waives the right or is on bail." *Held*, that the statute is mandatory. Following Kellum v. The State, ante, p. 82.  •

2.  **Same—Service upon Counsel Insufficient.**—The fact that defendant "could not read," and that the venire was served upon his counsel, is insufficient.

APPEAL from the District Court of Nacogdoches. Tried below before Hon. JAMES T. POLLEY.

Appellant was indicted for the murder of Isom Finley, in Nacogdoches County, on the 5th day of August, 1894, by shooting him with a gun. When the case was called for trial, defendant moved a postponement of the trial until after he had been served one day with the names of the special veniremen. This motion was overruled, it having been shown, by the affidavit of one F. D. Huston, that he had heard the defendant say that he could not read, and it being further shown that service had been made on defendant's attorneys. '

At the trial defendant was convicted of murder of the first degree, the penalty being assessed at death.

In view of the disposition made of the appeal in the opinion, no further statement is necessary.

*Lewis & Smith, Branch & Garrison, Ingraham & Ratcliff, George H. Mathews,* and *Tom R. Jennings,* for appellant, cited: Code Crim. Proc., arts. 616, 617; Kellum v. The State, *ante,* p. 82; Harrison v. The State, 3 Texas Crim. App., 558; Murray v. The State, 21 Texas Crim. App., 466; Osborne v. The State, 23 Texas Crim. App., 431.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant, having been arrested for murder, was placed in jail, where he remained until he was placed upon his trial. The list of the names of the veniremen summoned to try the case was not served upon him. When his case was called for trial he requested that such service be had, but was refused. Exception was reserved, the trial ensued, and the death penalty was assessed.

The statute provides, that "no defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special venire facias, except where he waives the right, or is on bail." Code Crim. Proc., art. 617. The terms of the statute have been held, and we think correctly, to be mandatory. They guarantee to the accused a valuable right, of which he can not be deprived except by his consent. Kellum v. The State, *ante,* p. 82.

It is no sufficient answer to this that defendant "could not read writing," and that the venire was served upon his counsel. *The defendant is entitled to service of such list of veniremen unless he waive it or is on bail.*

We find no other errors in the record requiring a reversal.

For the error indicated, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.