## WILL BURRIES V. THE STATE.

*No. 832.    Decided April 15th, 1896.*

**1. Robbery Where Firearm or Deadly Weapon is Used—Capital Felony.**

Under provisions of Art. 856, Rev. Penal Code, the offense of robbery where a firearm or other deadly weapon is used or exhibited in the commission of the offense is a capital felony inasmuch as it may be punished with death.

**2. Same—Special Venire—Service of Copy of.**

Robbery committed by the use or exhibition of a firearm or other deadly weapon, being a capital felony, a party prosecuted therefor is entitled to a special venire and to one days' service of a copy of such special venire prior to his trial, unless he has waived (if he can do so) his right to such special venire; and it is no answer or excuse that neither the State nor the defendant called for such special venire or failed to have one summoned for the trial or that to summon one and serve defendant with a copy thereof would operate a continuance of the case.

APPEAL from the District Court of McLennan. Tried below before Hon. S. R. SCOTT.

This appeal if from a conviction for robbery, in the commission of which a pistol, a deadly firearm, was used and exhibited by the defendant, the punishment being assessed at imprisonment in the penitentiary for a term of nine years.

When the case was called for trial, defendant objected to being placed upon trial without one days' service of the list of jurors who were to try the case, and moved the court to postpone the trial until he had been so served. This motion was refused upon the ground that neither the State nor defendant had made application for a special venire, and because a postponement of the trial would result in a continuance of the cause.

After conviction defendant filed a motion in arrest of judgment and for new trial, based upon the insufficiency of the indictment, and because he had not had one days' service of a copy of the list of the jury summoned to try the case.

No further statement necessary.

*Cunningham & Cunningham*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at nine years' confinement in the State penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. On the trial of the case the appellant was placed upon trial without having one days' service of the list of jurors that were to try him, he having been in jail from the time of his arrest until the time the case was called for trial; but his request to allow him one days' service of the venire was refused, and he saved his exception thereto. The court, in explaining the bill of exceptions, states that neither the State not the defendant had made application for the special venire, and that the jurors on which the defendant had to pass were the regular jurors for the week, and for the further reason that a postponement of said cause would have resulted in the continuance of the case. Since the Act of the Twenty-fourth Legislature (Acts 1895, p. 89) Rev. Penal Code, Art. 856, which took effect ninety days after the adjournment of that legislature, the offense of robbery, when a firearm or other deadly weapon is used or exhibited in the commission of the offense, has been a capital felony, punishable by death or by confinement in the penitentiary for a term of not less than five years. See, Ex parte Epps, 35 Tex. Crim. Rep., 406. The indictment in this case charges that the robbery was committed by the use of a firearm, so that the offense of which the defendant was tried was a capital felony. Art. 654, Rev. Code Crim. Proc., provides that "no defendant in a capital case shall be brought to trial until he has had one days' service of a copy of the names of persons summoned under a special venire facias, except where

he waives the right or is on bail; and when such defendant is on bail he shall not be brought to trial until after one day from the time the list of persons so summoned shall have been returned to the clerk of the court in which said prosecution is pending; but the clerk shall furnish the defendant, or his counsel, a list of the persons so summoned, upon their application therefor." Article 642 defines a "special venire." Article 643 provides: "When there is pending in any District Court a criminal action for a capital offense, the District or County Attorney may, at any time after indictment found, on motion either written or oral, obtain an order for a special venire to be issued in such case." Article 644: "The defendant in a capital case may also obtain an order for a special venire at any time after his arrest upon an indictment found upon a motion in writing, supported by the affidavit of himself, or counsel, stating that he expects to be ready for the trial of his case at the present term of the court." These and other articles following, as we understand it, provides the machinery for the trial of capital case, and an essential part of the machinery is a special venire. This special venire, a defendant, when brought to trial in a capital case, has the right to demand, nor can he be brought to trial until he has had one day's service of said special venire. In this case he was not only refused one day's service of the special venire prior to his trial, but he was not tried by a special venire at all, but, as appears from the bill of exceptions, by the regular jury. If it was competent for him to waive a trial by a special venire, it does not appear that he did so in this case. On the contrary, he claimed his right to a day's service of the list of special veniremen summoned for his trial. It did not excuse the State, because neither the State nor the appellant called for a special venire, or failed to have such special venire summoned for the trial, because the law makes that an essential part of the machinery by which one accused of a capital offense is to be tried. Nor was it any excuse that if the venire had been summoned, and the list served one day in advance of the trial, it would have operated a continuance of the cause. The law guarantees to persons to be tried for offenses the character of tribunal authorized and appointed by law to try them; and, because such a tribunal was not used, it is no answer to say that sufficient time was not left during the term to try the party after the manner and by the character of jury authorized by the law. Appellant also contends in this case that the indictment should have been quashed on his motion, because, he says, it does not allege the robbery to have been committed by the use of a firearm, and because, he says, the money alleged to have been taken from the prosecutor is not sufficiently described. As to the first objection, there is nothing in it, because the indictment does so charge. The description of the money is as follows: "Two dollars in silver coin money, of the value of two dollars, and three copper cent pieces, each of the value of one cent." The contention is, that the money is not alleged to be money of the United States; and that the denomination of the silver money is not stated. The use of the term

"money," as has been heretofore held by this court, indicates the money of the United States of America. However, the denomination of the silver coin is not stated. Without passing upon this question, we would suggest that a new indictment can be presented, giving a better description of the said property alleged to have been taken. For the error of the court in forcing the appellant to trial without having a special venire summoned to try the case, and giving him one day's service of the same before he was placed on trial, the judgment and sentence of the lower court are reversed, and the cause remanded.

*Reversed and Remanded.*