## J. W. FOSTER v. THE STATE.

No. 1451. Decided January 16, 1898.

**Special Venire—Service of Defendant with Copy of—Practice.**

Where, on a trial for murder, it appeared that defendant had been served with two certified copies of the special venire, one containing sixty names and the other fifty-two, and defendant made a motion to quash the venire, which was overruled; Held, error. When the motion was made, it should have been sustained and a proper list made out containing the names of the jurors actually summoned, and this should have been served upon defendant one day before trial. The law does not authorize the selection of two special venires in the same case at the same time. The copy served upon defendant should contain the names numbered from one to the last, so that he may consider the list as a whole with a view to his challenges.

APPEAL from the District Court of Bowie. Tried below before Hon. J. M. TALBOT.

Appeal from a conviction for murder in the second degree, penalty assessed being fifteen years imprisonment in the penitentiary.

The indictment charged appellant with the murder of W. R. Balthrop, in the county of Bowie, on the 31st day of July, 1897, by shooting him with a pistol.

In view of the disposition made of this appeal a statement of the case is unnecessary.

*Hudgins & Estes* and *Dan T. Leary*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder in the second degree, and given fifteen years in the penitentiary; hence this appeal.

When the case was called for trial, appellant moved to quash the special venire because he had not been served with a copy of said venire one day before trial; that two copies of a venire, on the 12th of October, 1897, were delivered to him by the sheriff of Bowie County, in one of which the names of the jurors were numbered consecutively from 1 to 60, and in the other from 1 to 52, both of which said copies were certified by the clerk to be correct; and both are attached to, and made a part of, the bill of exceptions. An examination of the bill shows these statements to be correct. Article 654, Code of Criminal Procedure 1895, provides: "No defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special venire facias, except where he waives the right or is on bail; and when such defendant is on bail he shall not be brought to trial until after one day from the time the list of persons so summoned shall have been returned to the clerk of the court in which said prosecution is pending; but the clerk shall furnish the defendant, or his counsel, a list of the persons so summoned, upon their application therefor." Under this article the accused is entitled to a copy of the names of persons summoned, not those drawn. This statute provides that the accused shall have the one day's service mentioned therein of a copy of all the names of persons summoned under the special venire facias, except where he waives the right or is on bail. In this case the defendant was in jail, and waived nothing. The bill of exceptions shows that he was served with two copies, one containing sixty and the other fifty-two names. Article 677 provides: "In selecting the jury from the persons summoned, the names of such persons shall be called in the order in which they appear upon the list furnished the defendant, and each juror shall be tried and passed upon separately, and a person who has been summoned, but who is not present, may, upon his appearance before the jury is completed, be tried as to his qualifications and impaneled as a juror, unless challenged; but no cause shall be unreasonably delayed on account of the absence of such person." Under this article, the names of the persons summoned as jurors shall be called in the order in which they appear on the list furnished the accused, and must be called one at a time as they so appear, and be tested and passed upon first by the State, and then by the de-

fendant. The first article quoted only provides for one list of the jurors summoned under the special venire to be served upon the accused party. This statute is mandatory, and must be pursued, unless in some way waived by the accused. In the case before us we have two lists. The` names of the jurors in one are entirely different from those in the other. Under this state of case, the defendant was furnished with two lists, when the statute prescribes only one; and, when the motion was made to quash the service on this ground, it should have been sustained. Again, in calling the names of the jurors, there would be two lists from which to call, each entirely different from the other. These lists are furnished the defendant for the purpose of preparing himself for trial; and where two lists, containing entirely different names, are furnished (in addition to being in violation of the statute), a defendant would not be apprised of the list from which he would be required to select the jury. When the motion was made to quash, it should have been sustained, and a proper list made out, containing the names of those actually summoned by the sheriff, and served upon the defendant one day before his trial. As presented to us, the action of the court was a plain violation of the statutes; and the defendant saw proper to take advantage of it, and his motion should have been sustained. The law does not authorize the selection of two special venires in the same case at the same time. If in fact there were 112 men served by the sheriff as a special venire, they should have been properly placed in the list served upon defendant, and should not have been divided into two or more special venires, and thus served upon him. He has the right to know the order in which they are to be called, and they should be numbered from 1 to the last number, and thus served upon him; so that he might view the list as a whole, and determine therefrom as to his challenges for cause, as well as to his peremptory challenges.

As the case is presented, we deem it unnecessary to discuss the other assignment of error presented. Because the court refused to quash the service of the special venire had upon defendant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*