JOE BOGUS v. THE STATE.

No. 4022. Decided December 9, 1908.

1.—Aggravated Assault—Evidence—Moral Turpitude—Witness.

Where upon trial for aggravated assault the State was permitted to show on cross-examination of defendant that he had been in the penitentiary for manslaughter some fifteen years before his present trial, the same was too remote to effect his credibility and reversible error.

**2.—Same—Charge of Court—Argument of Counsel—Credibility of Witness.**

Where upon trial for aggravated assault the State was erroneously permitted to show that the defendant had been convicted of manslaughter some fifteen years before the trial, and the court in his charge singled out this testimony as affecting the credibility of the witness, while the State's counsel alluded to said testimony in severe terms, the same was reversible error.

Appeal from the County Court of Harrison. Tried below before the Hon. T. Lyttleton.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—While the appellant was on the stand testifying in his own behalf, the State on cross-examination, over the objections of the appellant, asked the appellant if he had not been in the penitentiary, and if he had not been sent to the penitentiary some fifteen years before for manslaughter.

The court in his charge to the jury instructed them as follows: "Evidence introduced before you to show that defendant had been convicted and served a term in the State penitentiary was admitted for the purpose of affecting defendant's credibility as a witness and you will consider it for no other purpose." The county attorney in his closing argument to the jury referred to the fact that the evidence showed that appellant had been in the penitentiary, and that he was sent there upon a charge of murder; that he was tried by a jury and convicted of the offense of manslaughter and he plead that he was not guilty and said the trouble came about with four or five parties with himself scrambling over a winchester and in the scramble for the winchester, it was fired off and a man was killed, and that he was tried for murder in that cause and convicted of manslaughter. "Now, gentlemen, do you believe he told the truth in that statement to you about how he went to the penitentiary? Do you believe he told the truth when he made that statement? I am allowed by the court to argue this phase of the testimony to you on the question of his credibility as a witness in this case." We are of opinion that this testimony was too remote. The State ought not to be permitted to inquire into crimes, or any other wrong that a man may have committed fifteen years before. This question has been so often decided by this court that it is not necessary to cite authorities. It is sufficient to say that if this testimony was not admissible the introduction of the same by the State, the singling of this fact out by the court and charging upon it, the severe allusion to it by the State's attorney and his arraign-

ment of the appellant, charging him with telling a falsehood about the facts of his conviction in said case, was not only irrelevant, but highly prejudicial to the rights of the defendant, for which this case should be reversed.

We find no other errors in the record. We think the charge of the court presented all the issues of the case, and also in an affirmative way presented the defenses to the jury, and for the error alone of admitting the testimony of the previous conviction of the appellant the case should be reversed and remanded and it is so ordered.

*Reversed and remanded.*