## PABLO OLLORA v. THE STATE.

### No. 718.    Decided October 26, 1910.

**1—Murder—Jury and Jury Law—Special Venire—Certified Copy—Seal—Nunc pro tunc.**

Where, upon appeal from a conviction of murder, it appeared from the record that from the date of his arrest up to the time of his trial, appellant remained in jail, and had never at any time waived service of a copy of the list of jurors summoned under the special venire facias, and upon trial moved to quash said venire on the ground that he had not been served with certified copy thereof, and it further appeared that said writ of venire which was served upon him did not bear the seal of the court and was not served upon him one day before the trial. Held, reversible error and the seal could not be affixed nunc pro tunc. Distinguishing Biggerstaff v. State, 59 Texas Crim. Rep., 552.

**2.—Same—Proper Practice.**

The proper practice would have been to have postponed the case, and directed the service of a copy of the venire properly attested by the clerk.

**3.—Same—Statement of Facts—Practice on Appeal.**

Where, upon appeal from a conviction of murder, it appeared from the record that the appellant entered the plea of not guilty, he is entitled to the service of a venire in the manner provided by law, and the case will be reversed although there was no statement of facts on trial. Following Brown v. State, 57 Texas Crim. Rep., 269; 122 S. W. Rep., 565.

Appeal from the District Court of Hays. Tried below before the Hon. L. W. Moore.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*T. C. Johnson, Jr.,* for appellant.—On question of insufficient service of writ of special venire: Chambers v. Chapman, 32 Texas, 569; Wells v. Ames Iron Works, 3 Wilson Civ. App., sec. 296; Block v. Weiller, 2 Wilson Civ. App.; sec. 503; Line v. Cranfill, 37 S. W. Rep., 184, and cases cited in the opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—In the District Court of Hays County, on March 17 of this year, appellant was convicted of murder in the

second degree, and his punishment assessed at confinement in the penitentiary for a period of twenty-five years.

The record comes to us without a statement of facts. There is one bill of exceptions in the record which presents, however, a question upon which we think the judgment must be reversed. By this bill it is made to appear that appellant was arrested and placed in jail on February 27 of this year, charged with the killing of one O. Felan, and upon examining trial he was remanded to jail without bond, and that soon thereafter an indictment was returned against him by the grand jury of Hays County, and the cause set for trial on March 16; that from the date of his arrest on such charge up to and including his trial he had remained continuously in jail and in the custody of the officers and had never at any time waived service of a copy of the list of jurors summoned under the special venire facias issued in said cause. That he was arraigned for trial on such charge on March 16, and that after the State had announced ready for trial appellant, through his counsel appointed by the court, moved to quash the special venire and service of a copy thereof on him on the ground, first, that the writ commanding the sheriff to deliver a certified copy of the list of jurors summoned under the special venire facias did not bear the seal of the court from which it issued as required by law, and that said writ did not bear the file mark of the district clerk, appellant contending that service of said list under such writ was not in compliance with the statutory provision entitling a person in custody charged with a capital offense to service of a copy of the list of jurors summoned one day before he could be brought to trial. These facts were shown and there seems to be no question made in reference to them. The motion was overruled and appellant was not at any time, in fact, served with a copy of the list of jurors other than the copy served under the writ complained of. This bill is allowed with the following qualification: "That the writ complained of so issued by the clerk was in due form save and except that it did not bear the seal of the clerk, which had been omitted, and which the court thereupon ordered amended by the clerk and the seal of said clerk and file mark affixed thereto."

Article 653 of the Code of Criminal Procedure is as follows: "The clerk, immediately upon receiving the list of names of persons summoned under a special venire, shall make a certified copy thereof and issue a writ commanding the sheriff to deliver such certified copy to the defendant, and such sheriff shall immediately deliver such copy to the defendant and return the writ, indorsing thereon the manner and time of its execution."

Article 654 of the Code of Criminal Procedure is to this effect: "No defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special venire facias, except where he waives the right or is on bail; and when such defendant is on bail he shall not

be brought to trial until after one day from the time the list of persons so summoned shall have been returned to the clerk of the court in which said prosecution is pending; but the clerk shall furnish the defendant, or his counsel, a list of the persons so summoned, upon their application therefor."

Article 1447 of our Revised Civil Statutes is as follows: "The style of all writs and processes shall be 'The State of Texas,' and unless otherwise specially provided by law every such writ and process shall be directed to the sheriff or any constable of the proper county; shall be made returnable on the first day of the next term of the court after issuance thereof; and shall be dated and attested by the clerk of the court with the seal of the court impressed thereon and the date of issuance shall be noted on the same."

In the case of Frosch v. Schlumpf, 2 Texas, 423, it was held that process calling upon a party to answer without being authenticated by the solemnity of a seal gives no validity to a summons and may be disregarded. This case has been approved in Chambers v. Chapman, 32 Texas, 569; Hale v. Gee, 29 S. W. Rep., 44; Carson Bros. v. McCord-Collins Co., 37 Texas Civ. App., 541; Robinson v. Horton, 36 Texas Civ. App., 333. All hold the clerk's failure to affix seal to citation is fatal to a judgment by default. In the case of Imlay v. Brewster, 3 Texas Civ. App., 103, the court goes to the extent of holding that citation with the seal of wrong court is a nullity. The correctness of these decisions seems not to have been questioned or denied in the action of the trial court. His action was rested on the ground that it was competent to have the seal of the clerk affixed when the objection was made, and that this act then done by the clerk would relate back to the issuance of the process and give it effect and validity. There are many acts and many orders to which the right of entry nunc pro tunc applies. It has been quite uniformly held that a clerk may, under the direction of the court, affix his file mark to a paper as of date when in fact it was filed. It has also been held that an officer may in a proper case, under direction of the court, affix his jurat where same has been omitted, and that notice as to appeal which had in fact been given may be entered nunc pro tunc, but in all these cases such entry presupposes and is based on the ground that in fact the matter omitted had been in truth done and the authentic evidence of it not properly preserved. In this case there is no contention that the seal had in fact been affixed by the clerk when the process was issued, and it seems to us to permit it to be affixed, when objection is made, so as to relate back to the time of its original issuance, is to deny the appellant the right of service of copy of the venire under the safeguards, sanctions and formality of the law. The proper practice would have been to have postponed the case and to have directed the service of a copy of the venire properly attested by the clerk. The objection, it is true, is technical, yet the law gives the appellant,

in express terms, the right to a copy of the venire under the seal of the clerk of the court from whence it is issued, and for us to deny this right is to say that we are wiser than the law and shall deny to the appellant a right which the law gives him.

2. The contention is made, however, in this connection, that the decision of this court in the case of Biggerstaff v. State, 59 Texas Crim. Rep., 552, decided at the last term of court, is conclusive against appellant's contention. We can not accede to this suggestion. In that case it appeared that prosecution was begun in Franklin County, and that by order of the court in this county the venue had been changed to Hopkins County. When the case was called for trial a plea to the jurisdiction of the District Court of Hopkins County was interposed on the ground that the transcript of the proceedings of the District Court of Franklin County on file in Hopkins County was not under the seal of the district clerk of Franklin County and, therefore, that the District Court of Hopkins County was without jurisdiction to hear and determine the cause. At this juncture the State filed a motion asking the court to make an order compelling the district clerk of Franklin County to place his seal nunc pro tunc on the certificate to the orders embraced in the transcript. This motion was sustained, and the district clerk of Franklin County appeared and duly affixed his seal to the transcript of the proceedings on change of venue. This action of the court was sustained somewhat upon the theory that the court acquiring jurisdiction by change of venue has authority to supply any deficiencies in the transcript which are requisite to show all the proceedings in the case before its removal. Brown v. State, 6 Texas Crim. App., 286, and Wolfforth v. State, 31 Texas Crim. Rep., 387. It should further be remembered, of course, that the jurisdiction of the court in Hopkins County was in fact fixed by the order of the District Court in Franklin County changing the venue. It should be further noted that there was no request for delay, or point made that after the seal had been duly affixed, that appellant would be entitled, in respect to issuance of process, summoning jury, and other steps taken in the trial, to treat the prosecution as pending in Hopkins County only from the date that the seal was affixed. The cases are, in our judgment, so dissimilar that the decision in the case of Biggerstaff v. State, 59 Texas Crim. Rep., 552, supra, can furnish no ground for denying appellant the service of the venire authenticated and tested by the seal of the court as the law provides.

3. Again, the suggestion is made that inasmuch as there is no statement of facts in the record, that this matter can not be reviewed by us. We think this proposition is unsound. Where there is a plea of not guilty an appellant is entitled to a jury duly summoned, and to the service of a venire in a manner provided by law without reference to what the facts are and in any conceivable state of case how-

ever adverse to him. Brown v. State, 57 Texas Crim. Rep., 269, 122 S. W. Rep., 565.

Believing that the action of the court was unauthorized by law and violative of an express statute of our State, it results, if our view is correct, the judgment should be as it is hereby reversed and remanded.

*Reversed and remanded.*

[No motion for rehearing filed November 11, 1910.—Reporter.]