### BEN THOMAS v. THE STATE.

#### No. 1286.   Decided June 23, 1911.

**1.—Murder—Special Venire—Motion to Quash.**

Where the defendant made a motion to quash the special venire because some of the jurors had not been served, and he was not served with a certified copy after the sheriff was permitted to amend his return, the same was reversible error.

**2.—Same—Evidence—Moral Turpitude.**

Upon trial of murder it was error to admit testimony that the defendant had been charged with an assault to murder fourteen years prior to the trial, over the objection of the defendant that this testimony was too remote.

**3.—Same—Charge of Court—Limiting Testimony.**

Where testimony of moral turpitude was erroneously admitted, the same should nevertheless have been properly limited.

**4.—Same—Continuance—Practice on Appeal.**

Where the judgment is reversed and the cause remanded, an application for continuance need not be considered.

Appeal from the District Court of Grayson. .Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of murder in the first degree; penalty imprisonment in the penitentiary for life.

The opinion states the case.

*Wiley & Baskett* and *Jas. L. Cobb,* for appellant.—On court's re-

fusal to quash special venire: Kellum v. State, 33 Texas Crim. Rep., 82; Osborne v. State, 23 Texas Crim. App., 431; Murray v. State, 21 Texas Crim. App., 466; Harrison v. State, 3 Texas Crim. App., 558.

On question of moral turpitude: Bogus v. State, 55 Texas Crim. Rep., 126; Winn v. State, 54 Texas Crim. Rep., 538; Busby v. State, 48 Texas Crim. Rep., 83; Bozark v. State, 6 Texas Crim. App., 195; Carroll v. State, 32 Texas Crim. Rep., 431.

On question of not limiting testimony on moral turpitude: Wilson v. State, 37 Texas Crim. Rep., 373; Paris v. State, 35 Texas Crim. Rep., 82; Maines v. State, 23 Texas Crim. App., 146; Washington v. State, id., 336; Davidson v. State, 22 Texas Crim. App., 372; Burks v. State, 24 Texas Crim. App., 326; Hutton v. State, 33 S. W. Rep., 969; Oliver v. State, 33 Texas Crim. Rep., 541; Jackson v. State, id., 281; Hargrove v. State, id., 431; Warren, id., 502.

*C. E. Lane,* Assistant Attorney-General, for the State.—On motion to quash venire: Bowen v. State, 3 Texas Crim. App., 617; Williams v. State, 29 Texas Crim. App., 89; Roberts v. State, 30 Texas Crim. App., 291; Murray v. State, 21 Texas Crim. App., 466; Campbell v. State, 30 Texas Crim. App., 645.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the first degree, his punishment being assessed at life imprisonment.

1. When the case was called for trial appellant made a motion to quash the special venire. The facts in that connection show that a special venire of 125 names had been drawn and a certified copy of those summoned had been served on the appellant except six of the summoned jurors. These six were not served upon him, and upon this ground he made motion to quash, and insisted upon the one entire day's service of the whole number summoned by the sheriff. The sheriff was permitted to amend his return, and the motion to quash was overruled. The venire was not thereafter served on appellant, Under the authority of Kellum v. State, 33 Texas Crim. Rep., 82, this was error. That case seems to be directly in point.

2. The State was permitted over appellant's objection to prove that he had fourteen years prior to this trial been charged with an assault with intent to murder. Various objections were urged to this, among others, that it was too remote. The objections were overruled, and the appellant required to testify, which he did, to the effect that he had been indicted for that offense fourteen years prior to this trial. Under all of our authorities the admission of this testimony was error. Busby v. State, 48 Texas Crim. Rep., 83; Bogus v. State, 55 Texas Crim. Rep., 126; Winn v. State, 54 Texas Crim. Rep., 538. These are a sufficient number of cases to illustrate the point and sustain appellant's proposition.

3. Having permitted this testimony to go before the jury, the court did not limit its effect and appellant reserved exception on this point. Under the authorities the court should have limited the effect of this testimony. Upon another trial, however, this testimony will be excluded. It is unnecessary to discuss the matter further.

4. It is unnecessary to discuss the refusal of the court to continue the case. The evidence of the absent witness may be obtained upon another trial.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*