RICHARD A. PALMER V. THE STATE.

No. 18321. Delivered June 10, 1936.

The opinion states the case.

*Cameron, Hardin & Bridges,* of Edinburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of murder with malice aforethought, and his punishment was assessed at confinement in the state penitentiary for a term of ninety-nine years.

The record is very voluminous containing sixty-one bills of exception besides a great number of objections to the court's

charge. To discuss all of them would unnecessarily lengthen this opinion.

Appellant's first complaint is that the court denied him his legal right to a special venire from which to select a jury to try him and that he was not accorded his legal right to one day's service of a copy of a special venire. The record discloses that on the 13th day of May the trial court at the request of the district attorney ordered a special venire of one hundred men to be drawn as jurors from which to select a jury in this case. Before announcing ready for trial appellant moved to quash the special venire. The motion was sustained by the court and the sheriff was directed to summon seventy men to be and appear in the court on the following morning from which a jury was to be selected. The next morning, when the men who had been thus summoned appeared in court, appellant again objected to said panel upon two grounds: first, that he was entitled to a special venire drawn in the manner prescribed by law; and second, that by reason of being in custody of the sheriff he was entitled to one full day's service of a copy of the names of the prospective jurors. The court overruled both of the objections and ordered the trial to proceed; to all of which appellant in due time excepted.

Art. 588, C. C. P., 1925, reads as follows:

"At any time after his arrest upon an indictment, the defendant may obtain an order for a special venire upon a written motion supported by the affidavit of himself or counsel, stating that he expects to be ready for the trial of his case at the present term of the court. The State's attorney may also obtain such order upon oral or written motion."

Art. 595, C. C. P., 1925, reads as follows:

"When, from any cause, no jurors have been selected by the jury commissioners for the term, or when there shall not be sufficient number of those selected to make the number required for the special venire, the court shall order the sheriff to summon a sufficient number of citizens who are qualified jurors in the county to make the number required by the special venire."

Art. 600, C. C. P., 1925, provides:

"The clerk, immediately upon receiving the list of names of persons summoned under a special venire, shall make a certified copy thereof, and issue a writ commanding the sheriff to deliver such certified copy to the defendant. The sheriff shall immediately deliver such copy to the defendant, and re-

turn the writ, indorsing thereon the manner and time of its execution."

Art. 601, C. C. P., 1925, provides:

"No defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special venire, except where he waives the right or is on bail."

In Volume 26, Texas Jurisprudence, Sec. 120, p. 685, it is said:

"When the offense charged is punishable with death, but not otherwise, the defendant is entitled to an order for a special venire, to an extraordinary number of challenges, and to inspection or service of a list of the veniremen summoned, one clear day before the trial."

In the instant case, the appellant, being charged with a capital offense, was entitled to a special venire drawn as provided by law, and he was entitled to service of a copy of the names of the prospective jurors constituting the special venire list for inspection at least one full day before the trial. The provisions of the Code of Criminal Procedure above quoted are regarded as securing to the accused valuable rights which ought not to be denied.

In the case of Burries v. State, 36 Texas Crim. Rep., 13, 35 S. W., 164, this court, speaking through Judge Henderson, said: "[The articles of the Code of Criminal Procedure] provide the machinery for the trial of capital case, and an essential part of the machinery is a special venire. This special venire, a defendant, when brought to trial in a capital case, has the right to demand, nor can he be brought to trial until he has had one day's service of said special venire. In this case he was not only refused one day's service of the special venire prior to his trial, but he was not tried by a special venire at all, but, as appears from the bill of exceptions, by the regular jury. If it was competent for him to waive a trial by a special venire, it does not appear that he did so in this case. On the contrary, he claimed his right to a day's service of the list of special veniremen summoned for his trial. It did not excuse the State, because neither the State nor the appellant called for a special venire, or failed to have such special venire summoned for the trial, because the law makes that an essential part of the machinery by which one accused of a capital offense is to be tried. * * * The law guarantees to persons to be tried for offenses the character of tribunal authorized and appointed by law to try them; and, because such a

tribunal was not used, it is no answer to say that sufficient time was not left during the term to try the party after the manner and by the character of jury authorized by the law."

In the case of Farrar v. State, 70 S. W., 209, this court among other things said: "We hold, if the State has not acted in the matter of securing a special venire, and if the court has not taken the steps to provide for this tribunal, it is appellant's right to object to being tried by any other than a special venire at any time prior to his agreeing to be tried by the regular jury." See, also, Hatton v. State, 3 S. W. (2d) 87.

It will be observed in the instant case the court at the request of the district attorney made an order for the drawing of the special venire to be summoned by the sheriff of Hidalgo County from which a jury was to be selected to try the appellant. The appellant moved to quash the venire so drawn and this motion was sustained by the court. Whether proper or improper is of no moment now. After the court had sustained the motion to quash the entire special venire panel there was not then any special venire or a part of a venire left, hence the court was not authorized to direct the sheriff to summon talesmen. Such authority is only granted in case the special venire has been exhausted before the jury panel is complete or in case no jurors have been selected by the jury commissioners for the term, or have not been drawn from the wheel, or where there shall not be a sufficient number of those selected to make the number required for the special venire. But in the case where the special venire had been ordered, summoned, and appeared and a motion to quash the same was sustained, the statute did not authorize the court to direct the sheriff to summon talesmen to supplement the special venire when there was not any part of a special venire left, and put the appellant on trial without service of a copy of the names of prospective jurors constituting the special venire for inspection at least one full day prior to the trial. It occurs to us that the court in the matter complained of committed reversible error. The purpose in summoning talesmen, as we construe the statute, is to supplement the list of prospective jurors drawn in the first instance as provided by law.

The appellant has raised a number of interesting questions and among them is the one complaining of the action of the trial court in declining to change the venue in this case. It appears from the record that appellant's codefendant had been previously tried and given the death penalty; that the newspapers, with quite an extensive circulation, had published the

major part of the incriminating facts against him together with a purported confession. These matters were not only published once, but on several occasions which together with the notoriety given this trial and that of his codefendant might be sufficient to entitle him to a change of venue in the event he should ask for it.

For the error herein above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.