### LOUISE JOHNSON v. THE STATE.

No. 22689. Delivered January 5, 1944.

The opinion states the case.

*Roy A. Scott,* of Corpus Christi, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Louise Johnson was charged with the murder of Langston Mitchell and sentenced to five years in the penitentiary.

From a very confused statement of facts, it appears that the jury was supported in its finding but a discussion of the evidence will not be necessary.

The record contains one bill of exception approved by the court, together with several bystanders' bills. We will discuss only that bill which relates to the failure of the court to grant appellant one day's time after the list of the special venire had been returned to the clerk of the court, before forcing appellant to trial. By a bystanders' bill, it is shown that some kind of a list of special veniremen had been filed with the clerk while appellant was out on bail. This return appears to be insufficient to meet the statutory requirements. When the question was raised, the trial court recognized the failure to make proper return and granted the sheriff permission to amend the return and gave him until two o'clock in the afternoon to do so. This return was made and duly filed, after which appellant was immediately placed on trial over his objection, as reflected by Bystanders' Bill No. 3. It was further shown by affidavit of the attorneys that they appeared in the office of the clerk on the previous day to the trial and attempted to see the sheriff's return showing service on the veniremen with the list of them and were informed that none had been made. Whether or not they did is immaterial. No legal return had been made and it was conceded by the court that it was necessary to make such return, which was done under his direction in the form of an amendment by the sheriff, as hereinabove stated. The court should have postponed the trial for a whole day from the filing of this return. Art. 601, Vernon's Ann. C. C. P., with annotations. Ollora v. State, 60 Tex. C. R. 217, 131 S. W. 570; Dixon v. State, 91 Tex. C. R. 217, 238 S. W. 227; Thomas v. State, 63 Tex. Cr. R. 98, 138 S. W. 1018.

It will not be necessary to discuss the other bills. They pertain to matters which, in all probability, will not arise in the same way on another trial.

For the error stated, judgment of the trial court is reversed and the cause is remanded for a new trial.