William Samples MARSHALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 42075.

Court of Criminal Appeals of Texas.

July 9, 1969.

Robert Maloney and George Milner, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for murder, the punishment, death.

The appellant contends that the trial court erred in overruling his motion to quash the jury panel on the ground that he had not been served with a copy of the names of the persons summoned as veniremen from which the jury was to be selected to try his case.

This cause was set for trial on January 10, 1966,[1] after notice had been timely and properly given by the state that it would seek the death penalty. On that day, the appellant made and presented a motion to quash the venire panel from which the jury was to be selected on the ground that he had not been served with a copy of the names of the persons summoned as veniremen to try his case.

In connection with and in support of his motion to quash, the appellant and his counsel filed their respective affidavits stating that they had not been served with a copy of the names of the persons summoned as veniremen, that he had not waived his right to the copy, and that he had not been on bail since the date of his arrest. Upon the presentation of the motion to quash, the court signed an order dated July 10, 1966, reciting that the motion had been heard and was overruled, and to such action of the court the appellant excepted.

No copy of the officer's return showing the names of those summoned upon the venire was served upon the appellant before or after the motion to quash was overruled.

Art. 34.04, Vernon's Ann.C.C.P., provides that:

*"No defendant in a capital case shall be brought to trial until he shall have had at least two days (including holidays) a copy of the names of the persons summoned as veniremen, for the week for which his case is set for trial except where he waives the right or is on bail.* When such defendant is on bail, the clerk of the court in which the case is pending shall furnish such a list to the defendant or his counsel at least two days prior to the trial (including holidays) upon timely motion by the defendant or his counsel therefor at the office of such clerk, and the defendant shall not be brought to trial until such list has been furnished defendant or his counsel for at least two days (including holidays)."* (Emphasis added)

■ This Article and those preceding it have been a part of our criminal procedure since 1856, and the courts have consistently held it to be mandatory. Kellum v. State, 33 Tex.Cr.R. 82, 24 S.W. 897 (1894); Jones v. State, 33 Tex.Cr.R. 617, 28 S.W. 464 (1894). In Kellum v. State, supra, Judge Davidson wrote, "The right of having service of the list of summoned veniremen is guaranteed by our laws, and is a valuable one of which the accused cannot be deprived * * * except by his consent. * * * The terms of the statute are mandatory, and enacted to the end that the accused may have the opportunity of better exercising his rights of challenge and selecting the jurors who are to pass upon his case." This case has been cited numerous times and has not been overruled. In 1965, the right given defendants by Art. 34.04, supra, in capital cases was strengthened by extending from one to two days the period of time a defendant would have between the time he was served with the list of veniremen summoned and he was put to trial. Therefore, it is evident that it was the

---

1. The record in this case was received and filed in this Court on March 19, 1969.

intent of the legislature in passing the 1965 Code of Criminal Procedure not only to approve the court's previous interpretations of the articles preceding Art. 34.04, supra, but to give the defendant two days instead of one before he could be brought to trial in a capital case after service of a copy of the list of the names of the persons summoned as veniremen.

*35 Tex.Jur,2d Jury Sections 160 and 158* read respectively as follows:

"No defendant in a capital case shall be brought to trial until he has had one day's service of a copy of the names of persons summoned under a special venire, except where he waives the right or is on bail. When the defendant is on bail, he shall not be brought to trial until after one day from the time the list of persons so summoned have been returned to the clerk of the court. According to the general rule, 'one day' means that one clear day must intervene between the time of service and the day of trial. An intervening Sunday, however, is not a dies non for this purpose; therefore service on Saturday is in time to permit the trial being taken on Monday.

"Where the trial is had over the objection of the defendant before a clear day has elapsed, substantial injury is presumed and a conviction will be reversed on appeal. In other words, the statute is mandatory. Also, if the defendant be confined in jail, the right attaches without any prior request that he be furnished with a list. On the other hand, the statute is the measure of the defendant's right."

"Immediately on receiving the list of the names of persons summoned under the writ for a special venire, the clerk is required to make and certify a copy for delivery to the sheriff with a writ commanding him to deliver the copy to the defendant and make return after execution. Where the defendant has been released on bail, the right is to a copy of the list on application therefor. The intent of these provisions is to enable the defendant better to exercise his challenges, and the right is regarded as a valuable one that ought not to be denied except for causes over which the court has no control. But the right is a statutory privilege; * * *."

*1 Branch 2d 527, Section 547* reads in part: ·· · ·ͺͺ

"Except where defendant waives the right, or is on bail, he shall not be brought to trial in a capital case until he has one entire day's service of a certified copy of the names summoned under a special venire. The statute is mandatory. Speer v. State, 2 [Tex.] App. 246; Kellum v. State, 33 [Tex.] Crim. [R.] 82, 24 S.W. 897; Jones v. State, 33 [Tex.] Crim. [R.] 617, 28 S. W. 464; Adams v. State, 35 [Tex.] Crim. [R. 285] 286, 33 S.W. 354; Burries v. State, 36 [Tex.] Crim. [R.] 13, 35 S.W. 164; Farrar v. State, 44 [Tex.] Crim. [R.] 236, 70 S.W. 209; Ollora v. State, 60 [Tex.] Crim. [R.] 217, 131 S.W. 570; Turpin v. State, 149 [Tex.] Crim. [R.] 179, 192 S.W.2d 277.

"The defendant in a capital case, when not on bail, is entitled to a certified copy of the list of persons summoned under a special venire, and service of those drawn is not a compliance with the statute. Harrison v. State, 3 [Tex.] App. 558; Foster v. State, 38 [Tex.] Crim. [R.] 525, 43 S.W. 1009. See also Wesley v. State, 142 [Tex.] Crim. [R.] 501, 147 S.W.2d 493.

"The defendant is entitled to have a true copy. When some of the names of those summoned are omitted from the copy it is not a true copy. Kellum v. State, 33 [Tex.] Crim. [R.] 82, 24 S.W. 897; Thomas v. State, 63 [Tex.] Crim. [R.] 98, 138 S.W. 1018."

■ The court's refusal of appellant's timely presented motion to quash the jury

panel and his exception thereto preserved this ground of error for review. Kellum v. State, 33 Tex.Cr.R. 82, 24 S.W. 897 (1894); Foster v. State, 38 Tex.Cr.R. 525, 43 S.W. 1009 (1898); Thomas v. State, 63 Tex.Cr.R. 98, 138 S.W. 1018 (1911).

█ Upon presentation of a motion to quash the jury panel because of the state's failure to serve a copy of the list of the jurors summoned, the usual procedure has been for the court to order the list served upon the defendant. This was not done here. The record fails to show that the defendant was ever served with a list of the jurors summoned. It was the duty of the state to serve the list of veniremen summoned upon the defendant, when in jail, before he could be brought to trial. Art. 34.04, supra; Jones v. State, supra; Burries v. State, 36 Tex.Cr.R. 13, 35 S.W. 164 (1896); Palmer v State, 130 Tex. Cr.R. 537, 95 S.W.2d 459 (1936).

When motions have been made to quash for failure to serve the jury list in capital cases on the defendant, when he was in jail, the trial court has according to numerous decisions, after a correct list of the jurors summoned had been served upon the defendant, postponed the trial for one day (now two days) after service to meet the requirements of the statute. Foster v. State, 38 Tex.Cr.R. 525, 43 S.W. 1009 (1898); Dixon v. State, 91 Tex. Cr.R. 217, 238 S.W. 227 (1922); Johnson v. State, 146 Tex.Cr.R. 501, 176 S.W.2d 757 (1944); Addison v. State, 160 Tex. Cr.R. 1, 271 S.W.2d 947 (1954).

█ The right in capital cases of having the service of the list of the jurors summoned is required by our laws, and is a valuable one, of which the defendant cannot be deprived, when in jail, except by his consent.

For the reason pointed out, the judgment is reversed and the cause is remanded.