**J. B. WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43196.**

Court of Criminal Appeals of Texas.

July 15, 1970.

Rehearing denied Oct. 14, 1970.

Benjiman A. Martinez, Kingsville, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Phillip Westergren, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery with firearms; the punishment, thirty years.

The appellant contends that the trial court erred in overruling his motion to quash the jury panel on the ground that he had not been served with a copy of the persons summoned as veniremen from which his jury was to be selected to try his case.

This cause was set for trial on June 16, 1969 after notice had been timely and properly given by the state that it would seek the death penalty. On that day the appellant made and presented a motion to quash the venire panel from which the jury was to be selected on the ground that he had not been served with a copy of the names of the persons summoned as veniremen to try his case, and said motion was on that day presented, considered and overruled by the trial court. To such action of the court the appellant duly and timely excepted.

Art. 34.04, Vernon's Ann.C.C.P., provides in part:

"No defendant in a capital case shall be brought to trial until he shall have had at least two days (including holidays) a copy of the names of the persons summoned as veniremen, for the week for which his case is set for trial except where he waives the right or is on bail."

The record reflects that in connection with the motion to quash the following occurred:

"Mr. Sharpe:—May the record also show, Your Honor, that this Motion on which the Court has made his notation denying the same, was presented to the Court immediately after the case was called for trial this morning.

"The Court: The record may so show.

"Mr. Sharpe: And the Court has made the notation that the foregoing Motion is denied, to which the Defendant duly excepted June the 16th, 1969, Luther E. Jones, that is the Motion to Quash the Jury Panel, by reason of the failure to serve on the Defendant a certified list of the veniremen summoned for the week for a period of at least two days prior to the beginning of the trial. Now, Your Honor, in connection with this Motion, may it be agreed that there will be no necessity on the part of the Defendant to present evidence to the fact that no such certified list was prepared or served on him, and that he was and is in jail.

(Discussion held off of the record between the Court and the District Court Clerk.)

"The Court: The record may show that the Court has inquired of the Clerk whether the Clerk ever furnished such a list, and the Clerk advises the Court that no such list was ever furnished by the Clerk, and that such list was never asked for by the Defendant or by any Counsel for the Defendant.

"Mr. Sharpe: That the Defendant—

"Mr. Mobley:—Up and including the present time?

"The Court: Up to and including the present time.

"Mr. Sharpe: And may the record show that the Defendant was and is incarcerated in the Kleberg County Jail and is not out on bail or bond, may it be so agreed with the State that those are the facts?

"The Court: I understand that is true, does the State stipulate that is true?

"Mr. Mobley: We will stipulate that that is true."

In considering a similar ground of error in Marshall v. State, 444 S.W.2d 928, this Court said:

"The court's refusal of appellant's timely presented motion to quash the jury panel and his exception thereto pre-

served this ground of error for review. Kellum v. State, 33 Tex.Cr.R. 82, 24 S.W. 897 (1894); Foster v. State, 38 Tex.Cr.R. 525, 43 S.W. 1009 (1898); Thomas v. State, 63 Tex.Cr.R. 98, 138 S.W. 1018 (1911).

"Upon presentation of a motion to quash the jury panel because of the state's failure to serve a copy of the list of the jurors summoned, the usual procedure has been for the court to order the list served upon the defendant. This was not done here. The record fails to show that the defendant was ever served with a list of the jurors summoned. It was the duty of the state to serve the list of veniremen summoned upon the defendant, when in jail, before he could be brought to trial. Art. 34.04, supra; Jones v. State, supra; Burries v. State, 36 Tex.Cr.R. 13, 35 S.W. 164 (1896); Palmer v. State, 130 Tex.Cr.R. 537, 95 S.W.2d 459 (1936).

"When motions have been made to quash for failure to serve the jury list in capital cases on the defendant, when he was in jail, the trial court has according to numerous decisions, after a correct list of the jurors summoned had been served upon the defendant, postponed the trial for one day (now two days) after service to meet the requirements of the statute. Foster v. State, 38 Tex.Cr.R. 525, 43 S.W. 1009 (1898); Dixon v. State, 91 Tex.Cr.R. 217, 238 S.W. 227 (1922); Johnson v. State, 146 Tex.Cr.R. 501, 176 S.W.2d 757 (1944); Addison v. State, 160 Tex.Cr.R. 1, 271 S.W.2d 947 (1954).

"The right in capital cases of having the service of the list of the jurors summoned is required by our laws, and is a valuable one, of which the defendant cannot be deprived, when in jail, except by his consent."

For the reason pointed out, the judgment is reversed and the cause is remanded.