**Johnny Mack BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46432.**

Court of Criminal Appeals of Texas.

June 27, 1973.

Rehearing Denied July 17, 1973.

W. John Allison, Jr., Dallas (On appeal only), for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery by firearms; the punishment, assessed at death, has now been commuted by executive authority to ninety-nine years imprisonment.

The sole contention raised is that the mandatory provisions of Article 34.04, Vernon's Ann.C.C.P. were violated. We disagree and affirm.

Article 34.04, V.A.C.C.P., in pertinent part, provides:

"No defendant in a capital case shall be brought to trial until he shall have had at least two days (including holidays) a copy of the names of the persons summoned as veniremen, for the week for which his case is set for trial except where he waives the right or is on bail . . ."

Prior to announcing ready for trial on the day of trial, May 20, 1968,[1] the appellant filed a written motion reading as follows:

"COMES NOW the Defendant and respectfully moves the Court to quash the Petit Jury Panels for the reason that the Defendant herein is and has been since the date of his arrest in jail and that no copy of the names of the persons summoned as veniremen has been furnished said Defendant, in violation of Art. 34.04, Texas Code of Criminal Procedure. The Defendant would further show the Court that this instant case is a capital case and the provisions of said Art. 34.04 are therefore mandatory."

The motion was supported by proof that a copy of the names of the persons summoned as veniremen had not been served upon the appellant and it is uncontroverted that he had been in custody, confined continuously in the County Jail for some time prior to trial.

The appellant relies upon Marshall v. State, 444 S.W.2d 928 (Tex.Cr.App.1969); Kellum v. State, 33 Tex.Cr.R. 82, 24 S.W. 897 (1894) and Jones v. State, 33 Tex.Cr. R. 617, 28 S.W. 464 (1894), urging that they support his contention and require reversal.

Kellum v. State, supra; Jones v. State, supra, and all cases concerned with a ground of error similar to that raised here and decided prior to the revision of the Code of Criminal Procedure, 1965, were decided under a statute which read:

"No defendant in a capital case shall be brought to trial until he has had one day's *service* of a copy of the names of persons summoned under a special venire except where he waives the right or is on bail . . . ."[2]

There is one significant difference between the provisions of Article 34.04, V. A.C.C.P., 1965, as it applies to this case, and the earlier statutes. The earlier statutes required *service* upon the defendant. The present statute merely requires that the defendant *shall have had* the list of jurors.

The record in this case shows that the appellant's appointed counsel had the jury list delivered to him on May 14, 1968, which was a full five days before trial.

This holding may appear to be in conflict with Marshall v. State, supra, and Wright v. State, 458 S.W.2d 79 (Tex.Cr. App.1970), but these cases did not take into account the change in the wording of the statute and the opinions in both cases show the defendants' attorneys had not been delivered a copy of the jury list.

Under the facts of this case we hold that the delivery of the jury list to the appellant's counsel in sufficient time prior to trial complies with the present statute which does not specifically require service upon a defendant.[3]

The judgment is affirmed.

Opinion approved by the Court.

1. The record on appeal was filed in this court on November 27, 1972.

2. Article 34.04, V.A.C.C.P., 1965, made two changes in the prior statute which are not material to the decision of this case. That is, the time of notice was increased from one to two days and the provision was for the service of a special venire rather than a list of the persons summoned as veniremen for the week.

3. It has been held that the provisions of Article 34.04, V.A.C.C.P., which we are concerned with in this case, applied only to cases where the death penalty was being sought. See Schoier v. State, 480 S. W.2d 657 (Tex.Cr.App.1972); Bradley v. State, 478 S.W.2d 527 (Tex.Cr.App. 1972); Walters v. State, 471 S.W.2d 796 (Tex.Cr.App.1971) and Smith v. State, 455 S.W.2d 748 (Tex.Cr.App.1970).