May Term,
1826.

## HINTON v. BROWN.

If the clerk's certificate to the transcript of a Circuit Court record have not the seal of the Court annexed, the transcript cannot be received in this Court.

The judgment of a Circuit Court overruling a motion to quash the writ, or rejecting a plea in abatement, is no part of the record, unless made so by a bill of exceptions signed and sealed by the judges.

· ERROR to the *Hendricks* Circuit Court.

HOLMAN, J.—The paper filed in this case, purporting to be a record of the *Hendricks* Circuit Court, is not certified under the seal of said Court.    The clerk informs us, that he has sealed it with his private seal of office, no public seal having been devised by said Court    This information does not aid the case. The act of assembly requires the Court to have a seal; but what that seal is, and whether it is intended by them to be temporary or permanent, is immaterial.    Their records can only be proved by their seal, and as this paper has no seal it must be rejected. It may however be remarked, that the rejection of the supposed record, in this case, is a matter of but little consequence to the plaintiff in error; because if this paper was a record, the points urged for reversing the judgment, to wit, the overruling of the motion to quash the writ, and the rejection of the plea in abatement, form no part of a regular record; inasmuch as no exception is taken to the opinion of the Court in the first instance, and the exception in the second is not signed and sealed by the judges (1).

*Per Curiam.*—The writ of error is dismissed with costs.

*Wick*, for the plaintiff.

*Sweetser* and *Hester*, for the defendant.

(1) Vide *Springer et al.* v. *Peterson et al.*, ante, p. 188.