## PORTER vs. HASKELL & al.

In an action of trespass *de bonis asportatis*, the defendant justified the taking, as an officer, on an execution issued by a Justice of the Peace, on a recognizance for debt; but it appearing that the execution, at the time it issued, and at the time of the taking, had *no seal* affixed to it, it was held to constitute no legal defence.

*Held*, also, that the Justice of the Peace had no authority after the sale — return of execution — and action commenced against the officer, to *amend* the execution by affixing a seal.

THIS was an action of trespass *de bonis asportatis*. The defendants in their brief statement, justified the taking under the alleged authority of an execution, issued on a recognizance in favor of *William S. Davis*, one of the defendants, against *Porter*, the plaintiff, — said *Haskell* being a duly qualified constable of *Portland*, and the other defendant his aid.

It appeared that the execution when issued by the magistrate, and when the goods of *Porter* were taken thereon, was not *under seal*; but that since the commencement of this action, the Justice by whom it had been issued, affixed a seal to it.

Intending to reserve the question, the *Chief Justice* admitted it to go to the jury as evidence, though objected to by the plaintiff's counsel.

There was another question raised at the trial, with regard to the legality of the sale of a part of the goods, by the officer; he having sold 116 phials containing medicine, in one lot; and "*a case of drawers and contents*" in another lot. The Judge ruled that the return of the officer was illegal in respect to those articles sold, where the *price* of *each article* was not stated; but that the whole return was not vitiated by those instances of illegality ; and that as to all the residue of the articles sold, the return constituted a good justification.

A verdict was returned for the plaintiff for the value of the articles aforesaid, sold in lot, without a specification of the price of each, on which judgment was to be rendered if the ruling and instructions of the presiding Judge were correct, otherwise it was to be set aside and a new trial granted.

*N. Emery,* for the defendants, insisted that the magistrate had the power and right to make the amendment by affixing a seal, and that when made it operated retroactively and justified the officer; and cited the following authorities: *Sawyer* v. *Baker,* 3 *Greenl.* 29; *Howard & al.* v. *Turner,* 6 *Greenl.* 106; *Buck* v. *Hardy,* 6 *Greenl.* 162; *Means* v. *Osgood,* 7 *Greenl.* 146; 1 *M. & S.* 427; *Albee* v. *Ward,* 8 *Mass.* 84; *Twambly* v. *Hunnewell,* 2 *Greenl.* 221; *The People* v. *Steuben,* 5 *Wend.* 103.

He also endeavored to show, that the sale by the defendant, in all other respects, was in conformity to the requisitions of law.

*Longfellow,* for the plaintiff.

MELLEN C. J. — Two questions are presented on the report of the Judge, the most important of which arises out of the objection to the admission to the jury of a copy of the execution, by virtue of which the defendant, *Haskell,* seised the goods of the plaintiff and sold them. By law the original execution should have been, not only under the *hand* of the magistrate who took the recognizance for the debt, but also under *seal.* Such however was not the fact. Since the commencement of this action, the Justice, who was also the counsel for the defendant, placed a seal on the execution, while the cause was pending in the Court of Common Pleas. If no seal had ever been affixed to the execution, it is clear that the same could have furnished no defence for the defendants. The question then, is whether the Justice had any legal right to affix the seal as he did, and whether it legalized the precept and the act done under it. In the case of *Sawyer ex parte,* cited in the argument, this Court permitted the clerk to affix the seal of the Court to an execution, after the same had been extended on real estate; and this is relied on as an authority for the act of the Justice, in the present case. No other authority has been cited. We have found a case in 5 *Wend.* 276, *Toof* v. *Bentley,* in which a Justice of the Peace affixed a seal to an execution which he had issued, after the same had been executed; but the Court decided that he had no legal right so to do. In that case the Justice had acted judicially in the cause, and rendered the judgment on which the execution was issued; but in the case before us, the Justice never acted ju-

dicially. He merely received the acknowledgment of the debt and took the recognizance; in doing which, he acted ministerially. There is, therefore, less reason for allowing the Justice, in this case, to affix the seal as he did, than there was to allow it in the case in *New York.* So long as a seal is required to be affixed to writs and executions, though we may not be able to discover its real use, yet we must not dispense with what the law requires. For the reasons above stated our opinion is, that the execution gave the defendant no authority to seise and dispose of the goods; and that the copy of it was improperly admitted in evidence. In the above case of *Toof* v. *Bentley,* the Court noticed a distinction between the amendment there made, and those made in the higher Courts, where processes are issued by their clerks. In such cases, the Court order the clerk to correct the errors he has made in issuing executions; but in Justices' courts it has not been allowed. The duty of the Justice, having by law no clerk, is to make out executions himself, and to do it correctly; and he is bound to know what that duty requires. Should we sanction what was *omitted* and then what was *done* by the Justice, it may lead to dangerous consequences, considering what a vast number of magistrates there are in commission within the State — all liable to mistakes of a similar character. On the whole, our opinion is, that the verdict must be set aside and a

*New trial granted.*