JOHN OVERTON, ROBERT C. BRINKLEY, ROBERTSON TOPP, AND
JAMES JENKINS, PLAINTIFFS IN ERROR, *v.* ELIJAH CHEEK AND
GEORGE W. CHEEK.

Where a writ of error was allowed in open court, in the Circuit Court, but this
writ had no seal, and was not returned to this court with the transcript of the
record, and two terms afterwards a paper was filed in the clerk's office, in
form of a writ of error, but without a seal, and having no authenticated
transcript annexed, the cause must be dismissed on motion.

THIS case was brought up by writ of error from the Circuit
Court of the United States for the district of West Tennessee.

*Mr. Davidge* moved to dismiss the writ for the following
reasons, which motion was opposed by *Mr. Gillet.*

In this cause, a transcript of the record was filed in the
office of the clerk of this court on the eighteenth day of Feb-
ruary, 1858, and the cause was thereupon docketed. No writ
of error was returned with the transcript; nor has any writ of
error, in a legal sense, ever been returned. But on the twenty-
seventh day of December, 1859, a paper was filed in the
clerk's office, in form of a writ of error, but without the seal
of the Circuit Court, whose proceedings are to be re-examined,
and without an authenticated transcript of the record annexed
to and returned with it, as required by the judiciary act.

By reference to the transcript, it will appear that the judg-
ment of the Circuit Court was rendered on the sixteenth day
of April, 1857. At the ensuing term of this court, the tran-
script was filed. The paper filed in the clerk's office purports
to have been issued by the clerk of the Circuit Court on the
seventeenth day of April, 1857, and it is returnable to this
court on the first Monday of December, 1857. It does not
appear ever to have been filed in the Circuit Court. There is
no citation.

It is submitted—

1. That in order to give jurisdiction to this court, the writ
of error must be under the seal of the Circuit Court, whose

clerk is authorized to issue it. Act of Congress of May eighth, 1792, sec. 9; (1 Statutes at Large, 278.)

2. That the writ of error must be returned at the ensuing term. If a term intervene, the objection is fatal.

Hamilton *v.* Moore, 3 Dallas, 371.

Steamer Virginia *v.* West et al., 19 Howard, 182.

Villalobos *v.* United States, 6 Howard, 81.

United States *v.* Carey, ib., 106.

3. That there must be annexed to, and returned with, the writ, an authenticated transcript of the record. Without the writ, the transcript is filed without authority of law; and a writ of error without the record of the court to be reviewed, or reasons for not returning it, is not returned. Here the writ of error comes back as it went out. There is no return, and hence no jurisdiction.

4. The writ does not appear to have been filed in the Circuit Court.

Brooks *v.* Norris, 11 Howard, 204.

5. There was no citation, and no legal evidence of the waiver of the citation. The transcript filed does show that the citation was waived; but that transcript is not legally before this court, not having been returned in obedience to process.

6. That the transcript was not returned in conformity with law and the rules of this court.

Mr. Justice McLEAN delivered the opinion of the court.

This purports to be a writ of error to the Circuit Court of the United States for the district of West Tennessee.

By reference to the transcript, it appears that the judgment of the Circuit Court was rendered the sixteenth of April, 1857. At the ensuing term of the Supreme Court, the transcript was filed.

It appears that a writ of error in the Circuit Court was allowed, in open court, and signed by the clerk the seventeenth day of April, 1857, which was returnable to the Supreme Court on the first Monday of December, 1857. But this writ had no seal, nor was it returned with the transcript to the

Supreme Court. But on the twenty-seventh of December, 1859, a paper was filed in the clerk's office, in form of a writ of error, but without a seal, and having no authenticated transcript annexed.

From this it appears that no writ of error has been certified with the transcript, and that the paper purporting to be a writ of error, which was filed in December last, being without seal, was void. Two terms of this court have intervened, not including the present term, since the transcript was certified, without a writ of error.

The cause must therefore be dismissed for these irregularities, without noticing others apparent on the record.