## BRIDEWELL, et al., v. MOONEY, admx.

AMENDMENTS. The circuit court has *power*, by the provisions of section 116, chapter 133, Gould's Digest, to direct the clerk to amend an execution by affixing the seal of the court; and to amend the amount recited in a delivery bond; and to amend an execution on a delivery bond.

PRACTICE—*motion to quash.* After the statutory judgment on a delivery bond a motion to quash is not the proper proceeding by which to avoid the original judgment.

*Appeal from Phillips Circuit Court.*

Hon. JAMES M. HANKS, Circuit Judge.

GARLAND & NASH, for appellant.

McCLURE, J.

Bridewell, one of the defendants in the court below, executed and delivered his promissory note for the sum of $675$\frac{47}{100}$, payable on the 4th day of January, 1862, to his co-defendant Underwood. At the same time Bridewell executed and delivered to said Underwood his other certain promissory note, for the sum of $229, payable on the 15th of January, 1862. On the 27th of May, 1861, Underwood indorsed and delivered the two promissory notes to Henry F. Mooney.

In April of 1866, Ellen Z. Mooney, as administratrix of the estate of Henry F. Mooney, deceased, brought assumpsit against Bridewell and Underwood for the amount of the writings obligatory. Personal service was had on Underwood on the 25th of April, 1866. On the same day an attachment was sued out against Bridewell, he being a non-resident, and levied upon 320 acres of land, described in the return of the sheriff.

At the next term of the court Underwood made default. No service being had upon Bridewell, the court ordered that he be notified by publication, which was accordingly done. At the succeeding term of the court, Bridewell made default, and judgment was rendered against both defendants for $1,347; and it was ordered that "she have satisfaction of the judgment out of the proceeds of the sale of the property herein attached, and that execution issue," &c.

The administratrix gave the bond, required by section 41, chapter 17, Gould's Digest, which was approved by the court, and execution issued, as directed, and the lands of Bridewell, attached by the sheriff, were regularly advertised and sold to Underwood, one of the defendants in the court below, for $110.

On the 22d of October, 1867, an *alias* execution issued against the defendants Bridewell and Underwood, and was levied upon ten mules and twenty head of cattle, as the property of Underwood. The sheriff took a delivery bond, which was forfeited. The forfeiture of the bond was noted on the execution docket, as prescribed by law. Upon the statutory judg-

ment an execution was issued against Underwood and Thompson for the amount of the former judgment, interest and costs.

At the May term, 1868, Underwood filed a motion to quash the original execution, the *alias* execution, the delivery bond, and the execution on the forfeited delivery bond. 1. Because the judgment is erroneous and void, it being a judgment *in rem* against one defendant and judgment *in personam* against the other defendant. 2. Because there is no judgment against Underwood. 3. Because the original execution was general against the property of the defendant Bridewell, upon a judgment *in rem* against the specific property of said defendant. 4. Because the *alias* execution is general against defendants Bridewell and Underwood, and *in personam* against Underwood. 5. Because the *alias* execution is not tested with the seal of the circuit court. 6. Because there is a variance between the amount of the *alias* execution and the amount recited in the delivery bond, in this, that the *alias* execution is for the sum of $1,362$\frac{80}{100}$, and the delivery bond recites an execution for the sum of $1,352$\frac{80}{100}$. 7. Because there is a variance between the date of the bond set out, and recited in the execution on the forfeited delivery bond, in this: The bond recited in the execution being dated November *eighth*, 1867, when in fact the delivery bond is dated November *twenty-first*, 1867. 8. Because the original execution and return of the sheriff show that the sum of $110 was made by the sale of the property attached, and the *alias* execution and execution on the forfeited delivery bond are issued for the full amount of the judgment.

The court overruled the motion to quash, and directed the clerk to amend the *alias* execution by affixing thereto the seal of the circuit court, which was done. The court further directed the clerk to amend the amount recited in the delivery bond to correspond with the amount recited in the *alias* execution, which was done by changing the amount recited in the delivery bond from $1,352$\frac{80}{100}$ to $1,362$\frac{80}{100}$. The court further directed the clerk to amend the execution on the delivery

bond by changing the same from November *eighth*, 1867, to November *twenty-first*, 1867, which was accordingly done.

To the making of these amendments, and overruling the motion to quash, the defendant objected, and appealed to this court.

The amendments made by the court are fully authorized by section 116, chapter 133, Gould's Digest. Such of the objections of the defendant as related to matters of irregularity or defect, anterior to the statutory judgment, will not be discussed. If the original judgment was voidable, a motion to quash, after the statutory judgment had come into being, was not the proper remedy to raise the question.

Judgment affirmed.