James H. Roseman *et al.*

*v.*

Henry L. Miller.

1. Judicial sale—*sale en masse—adjournment.* Although two separate and wholly independent tracts of land may have been offered for sale, under execution, separately, if the amount bid for them, when offered together, is merely nominal, the officer should adjourn the sale, and re-advertise.

2. Same—*inadequacy of price.* In case of gross inadequacy between the value of land sold under execution and the sum bid, the court will seize upon any circumstance of unfairness towards the debtor, to afford him relief.

3. Same—*when set aside.* Where two disconnected tracts of land, worth several thousand dollars, were sold on execution, *en masse,* for $10, and the debtor was informed by the sheriff that the sale was informal, and that the purchaser had paid nothing, and agreed to cancel the sale upon full payment, which was made, but the sheriff afterwards conveyed the land to the purchaser, the return on the execution not showing a sale, it was *held,* that the sale was properly set aside.

4. Same—*under execution without a seal, void.* If land is sold under execution without the seal of the court thereto, the sale will be a nullity, and no redemption will be required.

5. Purchaser—*who is a bona fide one.* Although one may purchase land without notice of the equities of others, yet, if he takes the deed as a volunteer, or has not paid the purchase money, he is not an innocent purchaser for value, and can not be protected. As against a third party claiming an equitable right, he must prove that he paid the purchase money, and this independently of the recitals in his deed.

Appeal from the Circuit Court of Grundy county; the Hon. Josiah McRoberts, Judge, presiding.

Mr. CHARLES W. NEEDHAM, for the appellants.

Mr. S. W. HARRIS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The present appeal is prosecuted to reverse a decree of the court below allowing the complainant to redeem from a sheriff's sale, and setting aside certain deeds and enjoining the prosecution of a suit in ejectment.

The only question made is, whether the evidence in the record is sufficient to sustain the decree.

At the June term, 1869, of the Superior Court of Chicago, one Lake obtained a judgment against the complainant for $1735.45, and costs of suit. Execution was thereupon issued to the sheriff of Grundy county, and by him levied upon the east half of the south-east quarter, and the east half of the south-west quarter, of section 16, township 33, range 7, in that county. On the 19th day of February, 1870, the lands were struck off and sold by the sheriff, *en masse*, to the defendant Roseman, for $10, and, there being no redemption from the sale, the sheriff executed and delivered to him a deed therefor, on the 24th day of May, 1871. On the 26th day of October, 1871, Roseman conveyed, by quitclaim deed, an equal undivided half of the land to the defendant Beach.

The two tracts of land, as is apparent by reference to the description, do not adjoin each other, there being another 80-acre tract between them. The evidence shows that there is a house, barn, orchard, etc., on each tract, and they constitute two wholly separate and independent farms. They were worth, in the aggregate, at the time of the sale, a sum varying, in the opinions of different witnesses, from $6000 to something over $8000; but they were incumbered by a mortgage, the balance on which was $1889.86.

The policy of selling *en masse*, as was here done, separate and wholly independent tracts of land, neither of which has any apparent tendency to augment the value of the other, when taken together, is liable to produce great injustice; and,

notwithstanding they may have been previously offered separately without obtaining bidders, where the amount bid for them *en masse* is merely nominal, the officer should, ordinarily, postpone the sale and re-advertise. Ten dollars, when compared with the value of the property to be sold, even after making due allowance for the depreciation in value in consequence of the mortgage lien, was purely a nominal bid, and no one making it could reasonably anticipate that he was, therefore, to become the owner of the property. In cases of such gross inadequacy between the value of the property and the amount bid, as was observed in *Hamilton* v. *Quimby et al.* 46 Ill. 96, the court will seize upon any circumstances of unfairness towards the debtor, to afford him relief.

The defendant Beach, in our opinion, has shown no equity in his favor which places his title upon a better footing than that of the defendant Roseman. Although he may have been a purchaser without notice, yet, if he took the deed as a volunteer, or has not paid the purchase money, he is not an innocent purchaser for value, and can not be protected. It was incumbent on him to prove that he was a purchaser for value, and had paid the purchase money, and this, too, independently of the recitals in the deed; and not having done so, there is no presumption to aid him. *Brown* v. *Welch*, 18 Ill. 343; *Hamilton* v. *Quimby, supra.*

The case made by the evidence for the complainant is, that he was induced to believe, and did believe, that the sale to Roseman was not consummated, and would be canceled on his paying the amount due on the judgment. This is, in substance, the evidence of his father, who was acting as his agent in the matter. Subsequent to the sale, this witness says he paid the sheriff on the judgment $444, and, in conversation with the sheriff, he was informed that Roseman had paid nothing on his purchase; that the sale amounted to nothing, and that he would cancel it upon full payment of the execution. He is contradicted, in some respects, by the evidence of the sheriff, but we think he is borne out by other circumstances. If he had not supposed the sale informal and of no validity,

why not, out of the $444, appropriate enough to redeem from it? This would have been most natural. The judgment was bearing but six per cent interest, but if there was a sale, the amount of the bid was bearing ten per cent. Nothing could be gained by leaving this amount to stand, and appropriating all the payments on the balance of the judgment. He says he had paid the sheriff his costs accrued prior to the sale, and the sheriff also received $14 out of this payment of $444, on account of his costs. The sheriff, neither in this nor in subsequent accounting on the receipt of money on the judgment, before the execution of the deed to Roseman, took any account of the bid of Roseman; and, although he gave Roseman a certificate of purchase, it does not appear that any return of the sale was indorsed on the execution or *venditioni exponas;* for this witness swears that he had the clerk of the court whence they were issued, to examine, and he reported no return could be found. Although complainant has fully paid the amount of the judgment on which the sale was made, he has never received any credit on account of Roseman's purchase. The witness is positive that he paid the sheriff, in all, $49, for costs, which the sheriff assured him covered the costs of advertising, sale of property, and return of execution. If the sale was *bona fide,* and the money paid at the time, it was the duty of the sheriff to have rendered an account of it. His return should have shown the fact; and that no return is introduced to support him, we regard as greatly weakening his evidence.

Roseman was a constable, and, prior to the sale, had acted as bailiff to the court, and, in one instance, as deputy sheriff, and shortly subsequent to the sale, he was regularly appointed as the deputy of the sheriff. His association with the sheriff was such as to tend very strongly to show that, if he did not actually occupy, at the time of the sale, a position which, under the law, rendered him ineligible to purchase at all, he must have known of the conduct of the sheriff in this matter, and, knowing, he is affected by it.

When Roseman bid, we can not regard, from the mere nominal amount of his bid, that he was in good faith expecting and intending to become the purchaser of the land.   Before he took a deed, he was requested to call at complainant's office, at a subsequent day, for his money.   He did not then notify the complainant that he claimed the property, but, by his silence, gave him to believe he would accept the money. There is, moreover, some evidence tending to show that his motives were rather to avail of an unconscionable advantage to extort money, than to insist upon a *bona fide* legal right, in obtaining the deed.

In what we have said, we have followed the view supported by the evidence of the complainant, because, after mature consideration of all the evidence, we are unable to say the court below erred in accepting that view; and we have not deemed it advisable to lengthen our opinion by quoting the evidence in full.

Our conclusion is, the decree below works no injustice.   It gives to Roseman all to which he *is*, in good conscience, entitled; and it does not appear that Beach has been deprived thereby of money he has paid in good faith.

The copy of the execution in the record is without a seal. On this ground alone, the sale might have been declared a nullity, and no redemption been necessary.   But we have chosen to place our affirmance upon other grounds, thinking the omission of the seal may have been through carelessness of the copying clerk, and not because there was none in fact.

The decree is affirmed.

*Decree affirmed.*