N. FRANKHOUSER *et al.* v. J. DEWITT *et al.*

**No. 445.\***  ( 58 Pac. 1027.)

1. VOID EXECUTION—*Absence of Seal.* An execution issued out of the district court without the use of the seal of said court is void and a nullity, and a sheriff can secure no rights thereunder.

2. ——— *No Error Found.* No reversible error was committed in the rulings upon instructions and testimony, or in rendering judgment.

Error from Lyon district court; W. A. RANDOLPH, judge.   Opinion filed November 20, 1899.   Affirmed.

*R. C. Heizer*, and *J. D. McFarland*, for plaintiffs in error.

*Charles B. Graves*, for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J. : This is an action of replevin brought by Dewitt to recover from the plaintiffs in error and Crumb the possession of a quantity of corn.

The jury found for the plaintiff, and the motion for a new trial was overruled as to Frankhouser and the bank, and sustained as to Crumb.   Frankhouser and the bank bring the case here for review.

Frankhouser, as sheriff, levied upon the corn as the property of one Shepard and advertised it to be sold on June 2, 1890.   The execution under which the levy was made did not have upon it the seal of the district court from which it issued.   The corn was not sold under this execution, but another one was issued and was levied upon the corn on said June 2. On the said 2d day of June, Shepard sold the corn to

the defendant in error, Dewitt, and the purchase-price was indorsed upon a note which said Dewitt held against Shepard.

One of the principal points in controversy upon the trial was as to whether the sale to Dewitt from Shepard was made prior to the levy by Frankhouser of the second execution.  The jury by its verdict decided this question in favor of the priority of the sale to Dewitt.

Our supreme court has held, in *Dexter v. Cochran*, 17 Kan. 447, and in *Gordon v. Bodwell*, 59 id. 51, 51 Pac. 906, that the process of the district court issued without the use of the seal of said court is void and a nullity.  Frankhouser could secure no rights under a void execution.

We have carefully examined the instructions given by the court and those refused and find that the court committed no prejudicial error in its rulings.  The record shows that the case was tried upon the theory of diligence and not of fraud.  We also find no reversible error in the exclusion of testimony.  The judgment was rendered against the parties who detained the corn and who received the proceeds of it after a redelivery bond had been given.

The judgment of the district court is affirmed.