## SOUTHWESTERN SETTLEMENT & DEVELOPMENT CO. et al. v. RANDOLPH et al.   (No. 603.) *

(Court of Civil Appeals of Texas. Beaumont. March 22, 1922. Rehearing Denied April 5, 1922.)

1. **Judicial sales** ⊚⟲53—**If want of power appears on face of writ, no presumption can protect the purchaser.**

If want of power appears on the face of the writ, no presumption can protect the purchaser at a judicial sale because the want of power is apparent, and of this every one is required to take notice.

2. **Execution** ⊚⟲94—**Requirement of court seal on writ of execution is mandatory.**

Execution is a harsh method of conveyance in the collection of debts, and the procedure prescribed by the law should be strictly followed, and the provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 1729, that all process other than subpœnas issued out of the district court shall be authenticated with the court's seal, is mandatory, and a writ of execution without such seal is void, and a sale thereunder a nullity.

3. **Process** ⊚⟲41—**Must be under seal.**

The common law was adopted by Act of Congress of the Republic of Texas. and Vernon's Sayles' Ann. Civ. St. 1914, arts. 1852, 2180, and article 1729, following the common law, provides that process of courts of record shall be attested by the clerk and bear the impress of the court seal.

4. **Constitutional law** ⊚⟲70(1)—**Court may not dispense with statutory provision requiring court's seal upon writ of execution.**

Courts may not by judicial construction dispense with the requirement of Vernon's Sayles' Ann. Civ. St. 1914, art. 1729, that a writ of execution bear the court's seal, by declaring that an execution conveyance transferred legal title where seal was omitted.

5. **Execution** ⊚⟲97—**Writ defective because not bearing court's seal may not be amended after judicial seal.**

Even in cases where the writ is amendable, no amendment can be made after judgment and sale under execution.

Appeal from District Court, Hardin County; J. L. Manry, Judge.

Suit by the Southwestern Settlement & Development Company and others against R. J. Randolph and others, in trespass to try title, in which J. B. Hooks intervened. Defendants' exceptions were sustained, and from the judgment for defendants, the plaintiffs appeal. Affirmed.

. Kennerly, Lee & Hill, of Houston; for appellants.

Oswald S. Parker, of Beaumont, for appellees.

O'QUINN, J. Appellants were plaintiffs below. The plaintiffs, trustees of the Southwestern Settlement & Development Company (not incorporated), and the Houston Oil Company of Texas, brought suit in trespass to try title against R. J. Randolph, Elias Jordan, Nob Guynes, and H. A. Hooks to the George Burrell 320-acre survey in Hardin county, and for injunction to restrain the cutting of timber thereon. The injunction as prayed for was granted and served on defendants.

Defendants Elias Jordan and Nob Guynes both filed disclaimers. H. A. Hooks disclaimed any interest in the land, but filed cross-action for damages against plaintiffs, which alleged wrongful issuance of the injunction. J. B. Hooks intervened by petition in trespass to try title, setting up claim to the land, and, in addition to the other plaintiffs and defendant R. J. Randolph, also named as respondent the Republic Production Company; but no service was had on it, and no appearance was made for it. Randolph filed answer, but made no appearance.

By amended petition and amended answer to the cross-action of H. A. Hooks and the intervention of J. B. Hooks, plaintiffs filed general demurrer, general denial, plea of not guilty, and of the four-year statute of limitation.

Judgment by default was rendered against Randolph in favor of the intervener, J. B. Hooks, and also that Hooks recover the land and timber involved, and that H. A. Hooks recover judgment against plaintiffs for $1,100 damages on his cross-action.

The George Burrell 320-acre survey was patented in 1855 to John Collier, as assignee of Burrell. John Collier died, and the administrator of his estate sold the land at administrator's sale in 1869 to Cave Johnson, which sale was approved by the court and deed made to Johnson, dated July 20, 1860. In 1866 Parsons Collier, administrator de bonis non of the estate of John Collier, obtained a money judgment in the district court of Jefferson county, Tex., against Cave Johnson, Wm. Lewis, and Lastie Hilldbrandt for $444.05 on a note given for the purchase money of said land. Execution by virtue of said judgment was issued to Jefferson county, and a tract of land, the property of Cave Johnson, was sold, but did not satisfy the judgment. Alias execution was then issued to Hardin county and levied upon said Burrell survey, and said land sold under said execution on July 7, 1868, to S. E. Parker for $14, the said execution and sale being the one in controversy here. The plaintiffs claim the land by virtue of a regular chain of conveyances from S. E. Parker, the purchaser at said execution sale, to themselves. J. B. Hooks, intervener, claims the land ` by deed from the heirs of Cave Johnson, dated October 4, 1899. ` H. A. Hooks based his claim for damages upon a contract with J. B. Hooks

---

⊚⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted May 24, 1922.

by which he (H. A. Hooks) was cutting and hauling timber from said land when he was stopped by the writ of injunction sued out by plaintiffs.

Plaintiffs offered in evidence the original writ of execution by virtue of which the land was sold to Parker to which the defendants objected on the grounds: (1) That the writ showed· on its face to be without the seal of the court from which it was issued; (2) that said writ was issued on Sunday; and (3) that the return thereon was insufficient for want of description of the property levied upon and sold, by reason of all which defendants claimed the writ was void. The court sustained all of the objections to the writ, and excluded same. Plaintiffs then offered a certified copy of the deed from the sheriff to Parker, to which defendants objected, because there was no valid execution and sale to authorize said deed, which was sustained by the court. Plaintiffs then offered in evidence a regular chain of title under said Parker down to and in themselves, to all of which defendants objected, for the same reasons as the writ of execution and the deed, which objections were sustained by the court, and to all of which rulings of the court appellants excepted and have brought this appeal.

There is but one question necessary to be determined, namely: Was the execution sale to Parker a valid sale? If so, then plaintiffs were entitled to recover against all the defendants and the intervener, J. B. Hooks, as well as against H. A. Hooks in his cross-action for damages. If not, then the judgment of the court below should be affirmed. In determining this question we will first consider whether the writ of execution under which the sale was made was void, or only voidable, by reason of not being under the seal of the court out of which it was issued.

[1-3] At common law a writ issued out of a court having a seal, in order to be authentic or of any force, must be attested by the seal of the court from which it issued. The common law was adopted as the law of Texas by Act of Congress of the Republic of Texas January 20, 1840 (Laws of Republic 1840, p. 3). The laws of this state, following the common law, provide that all district courts shall have a seal (article 1729), and that process issued out of said courts shall be attested by the clerk and bear the impress of the seal of the court (articles 1729, 1852, 2180, Vernon's Sayles' Civil Statutes). So that, under our statutes, there is no departure from the common-law rule requiring such writs to be authenticated by the seal of the court from which they issue.

By Act May 11, 1846, § 8, p. 200 (now article 1729); entitled "An act to organize the district courts and to define their powers and jurisdiction," it was provided: ·

"Be it further enacted that the district courts of each county of this state shall have a seal with a star of five points in the center and the words 'District Court of —— County, Texas,' engraved thereon; an impression of which seal shall be attached to all writs and other process, (except subpœnaes), issuing from said court, and shall be used in the authentication of all official acts of the clerk." 2 Gammell's Laws, p. 1508; Hartley's Dig. art. 647.

By Act May 13, 1846, p. 363 (now article 2180), entitled, "An act to regulate the proceedings in the district court," section 10 provides:

"That the style of all writs and process shall be 'The State of Texas' and shall be tested in the name of the clerk of the court from which it is issued; it shall also state the name of the parties to the suit, the time and place of holding the court; shall be dated and signed by the clerk, with the seal of the court affixed; except subpœnaes, which may be issued without the seal; and the clerk issuing any process shall mark the day on which it issued."

In construing this act, the Supreme Court, in Frosch v. Schlumpf, 2 Tex. 422, 47 Am. Dec. 655, said:

"The exception in the last part of the section in .favor of subpœnaes, shows that as to other process no exception could be allowed— that the seal of the court could not be dispensed with. It would seem then, that a process to answer, without being authenticated by the solemnity of a seal, would not give any validity to the summon, and may be treated as absolutely void, and no service of ·it could exact obedience, and could not authorize a judgment by default, because a party can not be in default for failing to answer or appear to a void process. The citation in the record under consideration, does not pretend to be under any seal. In its conclusion, where the attestation clause should be, we find the following: 'Witness, James W. Moore, clerk of the said Court, this 26th day of October, A. D. 1846, and of the independence of the United States the seventy-first year. Attest: J. W. Moore, Clerk.' It is so clearly not within the provisions of the section of the statute we have cited, that to disregard its nonconformity, would be to shut our eyes, and render the law a dead letter."

This decision of our Supreme Court, construing the statute in question, was rendered within a year ·after its enactment, and, as stated by counsel for appellees, "has never been overruled or modified, but has for the greater part of a century stood, and still stands, as one of the leading American cases most often cited."

The Supreme Court of the United States, in 1868, the same year that the attempted sale herein was made, rendered its decision in the case of Ætna Insurance Co. v. Hallock, 6 Wall. (73 U. S.) 556, 18 L. Ed. 948. That was a case of trespass to try title, and the only question decided was that an execution sale was void for want of the seal affixed to. the writ. In delivering the opinion of the court. Judge Miller says:

"If the paper here called an order of sale is to be treated as a writ of execution or fieri

facias issued to the sheriff, or as a process of any kind issued from the court, which the law required to be issued under the seal of the court, there can be no question that it was void, and conferred no authority upon the officer to sell the land.

"The authorities are uniform that all process issuing from a court, which by law authenticates such process with its seal, is void if issued without a seal. * * * That the ordinary writ of fieri facias is the authority of the sheriff to levy on property and sell it is undoubted, and needs no reference of authorities to support it; and if the supposed writ is void, then the levy and sale are also void, and not merely voidable, because they are made without any authority on the part of the officer.

"The decisions cited by counsel are all cases where process was issued regularly, in point of time, or where the officer has not proceeded according to some statutory requirement which was directory to him, but did not affect his power to sell.

"But if his power to sell depends upon a process, and that process shows on its face that it is void, it can confer no authority, and all his proceedings under it are simply void."

The court then goes on to quote the Indiana statute, as follows:

"A copy of the order of sale, and judgment, shall be issued and certified by the clerk, under the seal of the court, to the sheriff," etc.

—and says:

"Though the order of sale here described may not come under the name of any of the recognized common-law writs of execution, as capias, fieri facias, or others, yet it comes clearly within the function and supplies the purpose of an execution—that is, a process issuing from a court to enforce its judgment. The statute recognizes it as such, and requires that it shall issue under the seal of the court. The sheriff to whom it is directed is required to proceed 'as upon execution.' * * * It is therefore to all intents and purposes an execution, and the statute expressly requires that it must issue under the seal of the court. Without the seal it is void. We cannot distinguish it from any other writ or process in this particular.

"It. is equally clear that under the Indiana statute the sheriff could not sell without this order, certified under the seal of the court, and placed in his hand. This is his authority, and if it is for any reason void, his acts purporting to be done under it are also void."

The statute (Act May 11, 1846; Hartley's Digest, 647, now article 1729, Vernon's Sayles' Civil Statutes), not only provides that each of the several district courts shall be provided with a seal, but also provides that the impress of said seal shall be attached to all process issued out of said courts, except subpoenas, and that the seal shall be used by the clerk to authenticate his official acts. Then without the seal there can be no authentication of the official acts of the clerk; it is the seal that gives validity and force and authority to process when issued; the writ must connect itself with the authority under which it is issued, and the seal is the only stamp of its authentication.

The seal attached to or impressed upon the writ enables the sheriff and all others to see that the writ is regular, official, and carries with it the legal power to act as commanded. It is within the power of purchasers to determine from the face of the process itself whether or not it authorizes that to be done which is being done. If want of power appears on the face of the writ, no presumption can protect the purchaser in such case, because the want of power is apparent, and of this every one is required to take notice. Bailey v. Block, 104 Tex. 105, 134 S. W. 323. Purchasers are charged with notice of every defect which appears on the face of an execution or which is developed by an examination of the judgment upon which it is based. Irwin v. Ferguson, 83 Tex. 495, 18 S. W. 820. All the authorities hold that there must be a valid judgment and a valid execution authorizing the sale which the officer undertakes to make.

Sale by execution is a harsh method of conveyance in the collection of debts, and the procedure prescribed by law should be strictly followed, and not presumed or considered immaterial. In collecting judgments by execution, the law provides the things to be had and done, and these are intended as safeguards to protect the property of the debtors and to insure regularity, and the realization under judicial sale of an adequate price for same, and hence they are deemed important.

Judge Williams, in Bailey v. Block, supra, says:

"It is true that hardships and losses generally follow mistakes made by officers as to the extent of their powers in such matters, as they often do from other mistakes of law; but it is within the power of purchasers to determine from the face of the process itself whether or not it authorizes that which is being done. Inconveniences of 'this kind are small when compared with those which would result from a loose construction of the processes prescribed by law under which sheriffs are to act."

And in Insurance Co. v. Becton et al., 103 Tex. 236, 125 S. W. 883, in discussing article 2284, Rev. St. 1895, relative to returning depositions, in the course of his opinion Judge Williams says:

"The question is whether or not the certificate of the officer who has taken the deposition, indorsed on the envelope, 'that he in person deposits the same in the mail for transmission,' must be authenticated by his seal. The question has been decided in the affirmative by the Court of Civil Appeals for the Third District in the case of Wisegarver v. Yinger, 122 S. W. 925, in which the late Chief Justice Fisher gives his reasons for the holding with his usual force. * * *

"The provision now in question is that the

officer shall 'certify,' which raises the question discussed by Judge Fisher as to what is implied in that requirement, which may be answered by consulting other rules of law on the subject of official certificates. This still would not be convincing to our minds but for the provision in the same article that the officer shall 'certify' that the answers were signed and sworn to before him. This has always been in the statute and we think no one will doubt that it has been treated in practice as exacting a certificate under seal. Greenwood v. Woodward, 18 Tex. 3. This being true, we could give no satisfactory reason for a holding that the requirement in the same language, that the officer 'certify' to the depositing of the deposition in the mail, means less and can be met without a seal, when the use of a seal goes with the certificate of such an officer to authenticate his signature."

We believe that the provision of the law requiring that all process, other than subpœnas, issued out of the district court, should be authenticated with the seal of the court is mandatory, and that the writ of execution in the instant case, being without seal, was void, and the sale thereunder a nullity. Frosch v. Schlumpf, 2 Tex. 422, 47 Am. Dec. 655; Chambers v. Chapman, 32 Tex. 570; Hale v. Gee (Tex. Civ. App.) 29 S. W. 44; Carson Bros. v. McCord-Collins Co., 37 Tex. Civ. App. 540, 84 S. W. 391; Caufield v. Jones, 18 Tex. Civ. App. 721, 45 S. W. 741; Capps v. Leachman, 90 Tex. 499, 39 S. W. 917, 59 Am. St. Rep. 830; White v. Taylor, 46 Tex. Civ. App. 471, 102 S. W. 747; Ollora v. State, 60 Tex. Cr. R. 217, 131 S. W. 570; Ætna Ins. Co. v. Hallock, 6 Wall. (73 U. S.) 556, 18 L. Ed. 948; Overton v. Cheek, 22 How. 46; 16 L. Ed. 285; Weaver v. Peasley, 163 Ill. 251, 45 N. E. 119, 54 Am. St. Rep. 469; Roseman v. Miller, 84 Ill. 297; Taylor v. Taylor, 83 N. C. 118; Finley v. Smith, 15 N. C. 95; Gordon v. Bodwell, 59 Kan. 51, 51 Pac. 906, 68 Am. St. Rep. 341; Bingham v. Burlingame, 33 Hun. (N. Y.) 211; King v. Baker, 7 La. Ann. 570; Boal's Lessee v. King, 6 Ohio, 11; Starkey v. Lunz, 57 Or. 147, 110 Pac. 702, Ann. Cas. 1912D, 783; Foss v. Isett, 4 G. Greene (Iowa) 76, 61 Am. Dec. 117; Shaffer v. Sundwall, 33 Iowa, 579; Fink v. Lallande, 16 La. 547; Tibbetts v. Shaw, 19 Me. 204; Porter v. Haskell, 11 Me. 177; Frankhouser v. De Witt, 9 Kan. App. 636, 58 Pac. 1027; Pharis v. Connor, 3 Smedes & M. (Miss.) 87; Woolford v. Dugan, 2 Ark. 131, 35 Am. Dec. 52; Reeder v. Murray, 3 Ark. 450; State v. Fleming, 66 Me. 142, 22 Am. Rep. 552; Wheaton v. Thompson, 20 Minn. 196 (Gil. 175); Choate v. Spencer, 13 Mont. 127, 32 Pac. 651, 20 L. R. A. 424, 40 Am. St. Rep. 425; Hutchins v, Edson, 1 N. H. 139; Smith v. Affanassieffc, 2 Rich. (S. C.) 334; Stouffer v. Harlan, 68 Kan. 135, 74 Pac. 610, 64 L. R. A. 320, 104 A. S. R. 396.

In Garland v. Britton, 12 Ill. 232, 52 Am. Dec. 487, it is said:

"The statute declares that 'all process issuing from said circuit courts, shall be sealed with the judicial seal, which shall be provided for that purpose.' * * * This statute is imperative in its requirements."

In Besimer v. People, 15 Ill. 441, it is held that a writ of scire facias against recognizors in a recognizance for the appearance of a party issued without the seal of the court is void, and said:

"The case stands precisely as if this writ had not been issued."

In Weaver v. Peasley, 163 Ill. 251, 45 N. E. 119, 54 Am. St. Rep. 469, a case where land was sold under an execution which was not under seal, the Supreme Court of Illinois said:

"It is insisted that the appellate court erred in holding the execution void for want of a seal, and in not sustaining the cross-error. The statute requires all process to be sealed with the seal of the court. * * * It has been settled by numerous decisions in this state that this provision is mandatory; that an execution not under the seal of the court is void, and may be successfully resisted wherever the question may arise. Bybee v. Ashby, 2 Gilm. 151; Davis v. Ransom, 26 Ill. 100; Roseman v. Miller, 84 Ill. 297. And an execution which is void for such reason cannot be amended after sale. Sidwell v. Schumacher, 99 Ill. 426; Eagan v. Connolly, 107 Ill. 458. * * * No subsequent amendment of such a writ could relate back and make valid a sale under such process. If no right passed by an attempted sale, no amendment could, by relation, cause something to pass. The execution was void, and the court did not err in overruling the motion for leave to amend."

The statute of Arkansas provides for and requires that a judicial seal shall be used to authenticate all judicial process. In Woolford v. Dugan, 2 Ark. 131, 35 Am. Dec. 53, it is held:

"These injunctions of law are positive and peremptory, and must be * * * obeyed; and, therefore, any process issued out of any court of record having a judicial seal, without such seal being affixed thereto is illegal, and cannot impose any legal duty on the person upon whom it is executed."

In Montana the statute requires that the district court shall have a seal and process issued out of said court shall be under the seal of the court.

The case of Choate v. Spencer, 13 Mont. 127, 32 Pac. 651, 20 L. R. A. 424, 40 Am. St. Rep. 425, is a well-reasoned, interesting, and instructive case. The laws of Montana at the time this opinion was rendered were very similar to those of Texas relative to the court having a seal and all process should be issued under the seal of the court.

In this case, as in Frosch v. Schlumpf, 2 Tex. 422, 47 Am. Dec. 655, the citation was without seal, and the court held the writ void, and the judgment based upon service of said citation a nullity, and that a deed pursuant to a sale under execution issued upon such judgment should be canceled.

In Gordon v. Bodwell, 59 Kan. 51, 51 Pac. 906, 68 Am. St. Rep. 341, the Supreme Court, after reviewing many authorities, adhered to the rule that an execution without the seal is void.

In Wimbish v. Wofford, 33 Tex. 110, it is held that, where a deputy clerk merely signed his name pretermitting that of his principal, the writ was void, and the judgment rendered upon the citation a nullity. Not being properly tested, it conferred no authority upon the sheriff to execute it, and was not an official writ.

In Caufield v. Jones, 18 Tex. Civ. App. 721, 45 S. W. 741, it is said:

"The citation which was issued by the clerk and upon which the sheriff's return is made, was not made and attested by the signature of the clerk. Article 1447 [2180] Rev. St. 1895, provides that all process shall be dated and attested by the clerk, with the seal of the court impressed thereon. This evidently means that the clerk shall officially sign process issued by him. This is one of the essential requirements to a valid citation, in order to give it an official and authentic character. No one but the clerk is authorized to issue the citation, *and his official signature, together with the seal, is regarded as the evidence of his official conduct in the premises. A citation issued by an individual who is not a clerk, and one issued without such requisites, could not be regarded in law as official process.*" (Italics ours.)

The law requires that notaries public shall have a seal, and that all of their official acts shall be certified by their seal of office. McKellar v. Peek, 39 Tex. 381, was a suit in trespass to try title, and a deed of trust was offered in evidence which was objected to on the ground that the notary's certificate thereon was without seal, it bearing the seal of the county court. The court sustained the objection and held the instrument void.

Ballard v. Perry, 28 Tex. 364, was a suit in trespass to try title, and a deed offered in evidence was objected to for want of a seal to the notary's certificate of acknowledgment. In passing upon the objection, Chief Justice Moore said:

"The objection, if established, should have been sustained."

It is admitted in the instant case the writ of execution was without seal.

It has been repeatedly held that article 1852, prescribing the requisites of a citation which must be tested by the clerk of the court and under seal, must be strictly complied with—is mandatory. Dunn v. Hughes

(Tex. Civ. App.) 36 S. W. 1084; Insurance Co. v. Rodriquez (Tex. Civ. App.) 147 S. W. 678; Crenshaw v. Hempel, 60 Tex. Civ. App. 385, 130 S. W. 731; Pruitt v. State, 92 Tex. 434, 49 S. W. 366; Smith v. Buckholts State Bank (Tex. Civ. App.) 193 S. W. 730; Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060.

A purchaser at execution sale, when the execution issues in the name of only one of a partnership, and under a judgment in favor of the firm, acquires no title. Cleveland v. Simpson, 77 Tex. 96, 13 S. W. 851. That was an action in trespass to try title. Plaintiff claimed title through execution sale on a judgment recovered by W. D. Cleveland & Company, a firm composed of W. D. Cleveland and C. Lombardi. The writ issued in the name of W. D. Cleveland alone, was levied on the land, and same was sold. The court held the writ was void, and that the sale and deed made thereunder were a nullity.

In Missouri Pacific Ry. Co. v. Brown, 53 S. W. 1019, a case where affidavit had been made to have mandate issued from the Supreme Court of Texas without payment of costs, Chief Justice Gaines said:

"The jurat to the affidavit upon which this motion is based is signed officially by the clerk of the district court, but is not attested by the seal of the court. All certificates of the court to be used elsewhere than the court of which he is clerk should be authenticated by his official seal"

—and dismissed the motion.

In De Guerra v. De Gonzalez (Tex. Civ. App.) 232 S. W. 896, in discussing the authority of the sheriff of another county from that in which the writ was issued to sell certain property therein, it is said:

"Public officers, such as clerks and sheriffs, derive their authority alone from the law which prescribes their powers and duties, and their acts in excess of this authority will not be permitted to bind any one, and more especially where by such acts one may be divested of his property."

In Richardson v. Ellett, 10 Tex. 191, judgment by default was had on service of a citation which lacked a seal. Plaintiff, in whose favor the judgment had been given, filed petition to have the judgment set aside so that proper proceedings might be had, and a valid legal judgment entered in his favor. Chief Justice Hemphill in rendering the opinion of the court said:

"On discovery of the want of a seal, the plaintiff was not bound to issue execution, at the risk of having the judgment reversed on error, and being subjected to the payment of the costs of the appellate proceeding [citing Frosch v. Schlumpf, 2 Texas, 422.] He had the right, on application, to have the *illegal proceedings set aside, and to have a judgment not tainted with causes of nullity.*" (Italics ours.)

In White v. Taylor, 46 Tex. Civ. App. 471, 102 S. W. 747, Judge Bookhout says:

"The statute requires that all process, except subpœnas, issued out of the district court shall bear the impress of the seal of the court, and shall be used to authenticate all official acts of the clerk. Batts Civ. Stat. arts. 1122, 1447 [now articles 1729 and 2180]. * * * Whether the omission of the seal from the order of sale made the writ void we do not decide. The writer is of the opinion that such a requirement in the statute is mandatory, and that an order of sale not authenticated by the seal is void"—citing Ætna Ins. Co. v. Hallock, supra; Frosch v. Schlumpf, supra.

He further says:

"The appellant in argument refers to the case of Collins v. Hines (Tex. Sup.) 99 S. W. 400, as holding that not all the requirements in the statute in reference to executions are to be considered essentials. This proposition is sound. But in that opinion the court says: 'Some of the specified features are essential, for without them no writ could exist.' I know of no requirement in the statute more essential than that the writ shall be authenticated by the seal of the court."

In Durham v. Betterton, 79 Tex. 223, 14 S. W. 1060, in construing article 1215 (1852), Revised Civil Statutes, it was held that a citation which failed to state the file number of the suit was fatally defective. The statute prior to 1879 did not require that the citation should show the file number of the suit, but, following the prior decisions, declaring other prescribed requisites of the citation to be mandatory, the Supreme Court said:

"Although the citation may be in all other respects perfect, and the objection urged may be therefore plainly technical, still the *language of the law is unmistakable and leaves no room for construction*. To hold that the citation in this case, which does not 'contain the file number of the suit,' is sufficient and will support a judgment by default, *would be to dispense by judicial construction with a statutory requirement, and in effect appeal that portion of article 1215 declaring the citation 'shall state the file number of the suit.'* " (Italics ours.)

[4] The language of the law requiring the seal "is unmistakable and leaves no room for construction," and, paraphrasing the remarks of the learned judge above quoted, we might well say that to hold that a writ of execution, as in the instant case, which does not carry the seal of the court out of which it was issued, is sufficient, and that a sale of land under it will convey legal title, would be to dispense by judicial construction with a statutory requirement, and, in effect, repeal that portion of the statute declaring the writ shall be sealed with the seal of the court.

In Tackett v. State, 3 Yerg. (Tenn.) 392, 24 Am. Dec. 582, it was held that a warrant without the seal was void, and afforded no protection to the officer endeavoring to execute same, the court saying:

"The officer therefore attempting to make arrest upon this void authority, acted at his peril; in contemplation of law he had no process."

In Bagley v. State, 63 Tex. Cr. R. 606, 141 S. W. 107, defendant was being prosecuted for passing a forged instrument, an affidavit and proof of death in order to collect insurance, the affidavit purporting to have been made before a notary public. The affidavit did not bear the impress of the seal of the officer before whom it was made, and Judge Davidson, speaking for the court, held it to be void, saying:

"The affidavit itself must have the impress of the seal in order to import verity"

—and reversed and dismissed the case.

In Dickey v. State, 65 Tex. Cr. R. 374, 144 S. W. 274, defendant was being prosecuted for the embezzlement of funds belonging to the city of Waco. The defendant was city secretary of the city of Waco, and as such, under the charter of said city, was the keeper of the corporate seal of said city, with which to attest official acts. Judge Davidson, discussing this point, said:

"One other question we will mention. The indictment is not sufficient in that it does not allege in any way that the instrument was under seal, as required by the charter * * * "

—and reversed and dismissed the case, the instrument being void for want of the seal.

In Ollora v. State, 60 Tex. Cr. R. 217, 131 S. W. 570, Judge Ramsey, in passing upon a certified copy of a venire served upon the defendant, which was without seal, held the writ void and that the same could not be amended, when objected to, so as to make it relate back to the time of its issuance, citing article 1447 (2180), Vernon's Sayles' Civil Statutes, Frosch v. Schlumpf, 2 Tex. 422, 47 Am. Dec. 655, and other cases, and goes on to say:

"In the case of Frosch v. Schlumpf, 2 Tex. 423, 47 Am. Dec. 655, it was held that process calling upon a party to answer, without being authenticated by the solemnity of a seal, gives no validity to a summons, and may be disregarded."

He then cites numerous Texas cases supporting same, and says:

"The correctness of these decisions seems not to have been questioned or denied in the action of the trial court. His action was rested on the ground that it was competent to have the seal of the clerk affixed when the objection was made, and that this act then done by the clerk would relate back to the issuance of the process and give it effect and validity. There are many acts and many orders to which the right of entry nunc pro tunc applies * * * but in all these cases such entry presupposes and is based on the ground that in fact the matter omitted had been in truth done and the au-

thentic evidence of it not properly preserved. In this case there is no contention that the seal had in fact been affixed by the clerk when the process was issued, and it seems to us to permit it to be affixed, when objection is made, so as to relate back to the time of its original issuance, is to deny the appellant the right of service of a copy of the venire under the safeguards, sanctions, and formality of the law."

Many of the states have held both ways on the question. The late decisions would indicate a drifting away from the common-law rule in those states, but this is explained by the fact that in those states subsequent legislation permitted amendment of the process, and the change in holding was in obedience to said legislation. 21 R. C. L. § 9, p. 1268. Particularly is this true in—Arkansas: Bridwell v. Mooney, 25 Ark. 524; Hall v. Lackmond, 50 Ark. 113, 6 S. W. 510, 7 Am. St. Rep. 84. Indiana: Boyd v. Fitch, 71 Ind. 306; State v Davis, 73 Ind. 360. Montana: Kipp v. Burton, 29 Mont. 96, 74 Pac. 85, 63 L. R. A. 325, 101 Am. St. Rep. 544. Iowa: Murdough v. McPherrin, 49 Iowa, 479. Wisconsin: Corwith v. State Bank, 18 Wis. 560, 86 Am. Dec. 793. New Hampshire: Garvin v. Legery, 61 N. H. 153–155. North Carolina: Shepherd v. Lane, 13 N. C. 148. But in North Carolina the law permitting amendment dispenses with the seal only in the county in which the judgment was had. In all other counties the seal is necessary to the validity of the writ. Taylor v. Taylor, 83 N. C. 118.

In State v. Davis, 73 Ind. 360, in discussing Insurance Co. v. Hallock, supra, it is said:

"It is undoubtedly true, as appellees insist, that at common law a writ issuing from a court must, in order to be entitled to be considered as regular and authentic, be attested by the seal of the court from which it issued. Williams v. Van metre, 19 Ill. 293; The State v. Flemming, 66 Me. 142. [22 Am. Rep. 552]; Wheaton v. Thompson, 20 Minn. 196; Reeder v. Murray, 3 Ark. 450. The case of The Insurance Co. v. Hallock, 6 Wall. 556, does decide that an order of sale issued by a court of this state was void because not attested by the seal of the court. It has also been held by this court that, where there is no statute to the contrary, a writ or record must be attested by the seal of the court from which it comes. Jones v. Frost, 42 Ind. 543; Hinton v. Brown, 1 Blackf. 429; Sanford v. Sinton, 34 Ind. 539. The older cases did hold that a writ lacking the seal of the court was absolutely void, but there is much conflict upon this point among modern cases, many of them holding that such a writ is not void, but merely voidable. * * * The liberal provisions of our statute, respecting the summons, would take such writs from under the old common-law rule, even if it were conceded that it is the rule which must be adopted respecting other writs."

Appellants urge that the case of Earle v. Thomas, 14 Tex. 583, is authority for the proposition that an execution without the seal is not void. This case is not in point for the reason that the execution and sale in that case took place in 1845. At that time there was no law requiring executions to be under seal. The statutes requiring process to be under seal of the court were both passed in May, 1846, and the Supreme Court, in discussing that feature of the case, says:

"There was no law at that time which required that the execution should be authenticated by the seal of the court."

Appellants rely strongly upon Kipp v. Burton, 29 Mont. 96, 74 Pac. 85, 63 L. R. A. 328, 101 Am. St. Rep. 544, as an authority for the proposition that a writ of execution issued without seal, where the seal is required, is not void, but only voidable. This case is clearly not in point. By statute of Montana the process was amendable, and also the Legislature of Montana, by Act March 2, 1899 (Laws 1899, p. 145), had validated all judicial sales of real property. The opinion closes thus:

"The effect of this law is to cure the defect in this execution, and render the sale had thereon valid."

[5] Counsel for appellants ingenuously and persuasively argue that the writ was not void, but at most only voidable—that, being merely defective, it was amendable—and cite certain cases' where citations were held to be amendable as to affixing the seal, and reason by analogy that executions should be likewise held. If necessary to distinguish between a citation without seal and an execution without seal we would say, in the language of counsel for appellees:

"There would seem to be sound reason for the application of a different rule with regard to the effect of failure to attach the seal to a citation issued by the district clerk, and failure to attach such seal to an execution. The district clerk has the undoubted power to properly issue and authenticate a citation. His failure so to do is but an incomplete exercise of his undoubted power. The sheriff to whom an execution is directed has no power to authenticate the writ. He has no power to do anything thereunder, unless the writ is valid and properly authenticated. The attempted sale under an unsealed, unauthenticated writ, is not the faulty exercise of a power which he has, but is an attempt to act without power. As said by Justice Wheeler in Sydnor v. Roberts, 13 Tex. 616, 65 Am. Dec. 84: 'There is a marked distinction between that which confers the power to do a certain act and the rules which direct and regulate the mode of its exercise. If the former be wanting, the act done is a nullity, and is to be taken as if nothing had been done; but if the latter be not strictly pursued, the acts done will not necessarily be void, or if void as to some persons and purposes, it will not necessarily be so as to all persons and for all purposes; but only as to the persons who may have the right to avoid them, and will exercise that right in the proper manner, and in proper time. This distinction was recognized by this court in the

case of Howard v. North, 5 Tex. 306, where it was said: "A clear distinction is recognized to exist between a sale without authority, and one where there is an authority not strictly pursued; in the former case the sale is void; in the latter title will pass, and the party injured by the irregular act of the officer will be left to his remedy against him." And again: "The distinction between acts done by an officer without authority, and those done or omitted, in its irregular exercise, has been previously stated. The former are nullities, and confer no rights; the latter do not affect the title acquired under the acts of the officer, unless the purchaser be implicated." '

"Again, in Ayers v. Duprey, 27 Tex. 602, 86 Am. Dec. 657, Justice Moore, for our Supreme Court, said, after referring to Sydnor v. Roberts, supra: 'In other words, if the sheriff is wanting in power to make the sale, the title claimed under it is void, but if there has been a defective or erroneous exercise of the powers conferred upon him, the title of the purchaser under such circumstances may be avoided in the proper time and manner as to some persons, and for some purposes.' "

It occurs to us that the argument of counsel for appellants that the writ was merely defective, and could have been amended, is without force, for the defect was patent and the writ was not amended. It is well established in this state that, even in cases where the writ is amendable, no amendment can be made after judgment and sale under execution. McKay v. Paris Exchange Bank, 75 Tex. 181, 12 S. W. 529, 16 Am. St. Rep. 884. In the case cited, it is said:

"If judgments or executions are defective in particulars that may affect the title to property sold under them, it is too late after sales have been made to amend either so as to have the effect of affecting such sales. It is well understood that for a sheriff's deed to convey title to lands it must be supported by a valid judgment and execution. * * * When uncertainty in any of these respects is cast upon the proceedings, and the purchaser may thereby have been enabled to buy the property for a less price than it would have been sold for if the proceedings had been proper and regular, we think it would be without warrant of law and inequitable to remove the difficulty for his benefit and at the expense of the party whose property had been sold, and of his other creditors, if he had any.

"Where the proceedings are amendable we deem it to be the better rule to require it to be done before a sale has been made. When the defect is one of substance it will not be contended that it may properly be removed for the benefit of the purchaser after the sale by amendment." (Italics ours.)

See Morris v. Balkam, 75 Tex. 111, 12 S. W. 970, 16 Am. St. Rep. 874.

Furthermore, where process, such as citations, attachments, etc., are defective, and the court on application permits them to be amended, the progress of the cause is halted until valid process is had, which is when the process is so amended as to comply with the requirements of the law, which makes the amended process, in effect, new process. In the instant case there was no halt in the proceedings, and no amendment asked, but the officer proceeded to act under what we deem to be a void writ, not in compliance with law, and without authority.

From what we have said, it follows that the court did not err in sustaining the objection to the execution writ and the execution deed. A sheriff's deed to land sold under execution is not admissible in evidence when the writ shows on its face that it does not bear the impress of the seal of the court from which it is issued. A writ thus issued is not authenticated as the law requires, and wholly fails to confer authority upon the officer to whom the command is attempted to be given; the power to act is absent. Before the seal is affixed there can be no writ, and without the seal there can be no legal command to execute the judgment of the court, and an officer acting in the absence of the seal acts in the absence of the writ, and, so acting, whatever he does is unjustified and void.

The law (acts of May 11 and May 13, 1846, supra) required all process to bear the impress of the seal of the court from which they were issued, and provided that all official acts should be authenticated by the seal. No other way of authentication was provided, and no law amending those statutes has ever been passed, but they stand until this day as the solemn command of the Legislature as to what shall constitute official process, and as to how the same shall be authenticated. In Cleveland v. Simpson, supra, the only question was whether the execution was void or merely voidable, as shown by the briefs of the parties reported with the case, and the court held it void, and hence no title passed by the deed under such execution. If merely omitting the name of one of the parties who obtained the judgment from the description of the judgment in the writ rendered it void, how can it be said that the omission of the seal, that which only could give validity and authenticity to the writ, would not render it void? The power of the sheriff to execute the writ existed only on his receiving a lawful writ that clothed him with the authority to act.

As noted at the outset, appellees further contend that the execution was void because issued on Sunday, and because the return thereon was insufficient for want of description of the property levied upon and sold. In view of our holding that the writ was void for want of a seal, we will pretermit a discussion of these questions as being unnecessary.

Appellants' second assignment complains of the court's refusing to give their special charge No. 2, which directed a verdict against the cross-action of H. A. Hooks for

damages. The court submitted an appropriate special issue to the jury requiring them to find whether H. A. Hooks suffered any loss or damage as a direct and proximate result of the issuance of the injunction against him by appellants, and also instructed the jury, in the event they found that said Hooks was so damaged, then to find the amount of such damage. The jury answered in the sum of $1,100. This finding of the jury is assailed as being excessive, and not supported by the evidence. The assignment is overruled. We think the record amply supports the verdict and judgment.

If we are correct in holding that the execution was void for want of the seal of the court out of which it was issued, and hence that the attempted sale and the deed thereunder were nullities, then the other assignments presented by appellants become immaterial, and are all overruled.

The judgment is affirmed.

---

⬤≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes